HURLEY and another vs. THE TOWN OF TEXAS.

*Taxation—Assessment of manufacturers' stock—Logs in transit to mill, to be assessed at town where mill is situate—Liability of town for taxes illegally assessed—Secs. 5, 13 and 16, ch. 167, Laws of 1859.*

1. The provisions of sections 13 and 16, Laws of 1859, in regard to listing and taxing "manufacturers' stock," are in conflict with those of sec. 5 of the same chapter, as amended by ch. 295, Laws of 1860; but the former two sections are continued in force by said ch. 295, and all three sections re-enacted in ch. 386, Laws of 1860; and the provisions of said secs. 13 and 16 must prevail over those of said sec. 5.

2. Logs in transit on the 5th of June through one town to the owner's mills in another town, at which they are to be converted into lumber, are taxable (as manufacturers' stock) in the town where the mills are situate, and not in that in which they are found on that day.

3. The logs in this case having been improperly assessed and taxed in the latter town, and the tax collected by distress, the town is held liable to the owner for the amount so collected.

APPEAL from the Circuit Court for *Marathon* County.

The plaintiffs were partners residing and owning saw mills in Wood county, and on the 5th of June were owners of 15,000 feet of "pine lumber, board measurement in the log," then situated in the town of Texas in Marathon county, in Pine river and on the banks thereof, which was then in transit to said mills in Wood county, but was temporarily detained by low water. While it was so detained, the assessor of the town of Texas assessed it to the plaintiffs, and thereupon the town clerk issued his warrant for the collection of $202.31, taxes upon the same. The taxes having been returned unpaid, the county treasurer of Marathon county issued his warrant in due form of law, and the sheriff levied upon the personal property of the plaintiff then in said county, and sold sufficient thereof to pay said taxes and costs. This action was brought to recover the amount so made.

To a complaint stating the above facts the town demurred, on the grounds, 1. That the county treasurer should have been joined as a defendant. 2. That no cause of action was

stated. The demurrer was overruled as to the first ground of objection, and sustained as to the second; and the plaintiff appealed.

*Chase & West* (with whom was *S. U. Pinney*, of counsel), for appellants, to the point that the *town* was liable, cited *Matheson v. Town of Mazomanie*, [*ante*, p. 191.] 2. The logs in question, situated as they were, were not "manufacturers' stock," within the meaning of the law, secs. 13 and 16, chap. 167, Laws of 1859, as modified by chap. 403, Laws of 1864. Personal property, before it becomes " manufacturers' stock," must be purchased and *held in readiness* to manufacture, and must have reach the location of the manufactory; otherwise very absurd and unjust consequences would follow from the application of the rule that the actual presence of the property in a town on a given day determines where it is liable to taxation. Property in transit may in fact be in half a dozen different towns on the same day. The words " where it was situated" must therefore be interpreted to mean where it was situated in readiness to be submitted to the manufacturing process. Until it reaches that point, it is taxable as personal property in the town where the owner resides. But perhaps it might be taxed as " manufacturers' stock" in the town where the manufactory is located, though it may not have actually reached its destination. In either case the logs in question were not taxable in the town of Texas.

*W. C. Silverthorn*, for respondent:

1. The complaint shows that the taxes collected included the county taxes as well as those of the town &c., and that the county treasurer issued his warrant for their collection. He should therefore be joined as a defendant. 2. The property was taxable in the town of Texas. Laws of 1864, chap. 403, sec. 1; Laws of 1860, ch. 386, sec. 16; Laws of 1862, ch. 279.

The following opinion was filed at the January term, 1866:

DOWNER, J. The first question presented for our consider-

ation by the demurrer to the complaint is : Were the logs of the appellants, which were temporarily in the town of Texas on the 5th day of June, 1864, being then in transit to their mills in another town, .where they intended to manufacture them into lumber, lawfully listed and taxed in the town of Texas ? The logs were manufacturers' stock. Section 5, ch. 386, Laws of 1860, provides that manufacturers' stock shall be listed and taxed in the town or ward in which it was situated at the time of listing.    This section was amended by ch. 403, Laws of 1864, so as to provide that manufacturers' stock shall be listed and taxed each year in the town or ward in which it was situated on the fifth day of June in each year.    Sections 13 and 16, ch. 386, Laws of 1860, provide, in substance, that when a merchant or manufacturer shall be required to make out and deliver to the assessor a statement of his other personal property, he shall include in such statement the value of his personal property appertaining to his business as a merchant or manufacturer.    And in estimating the value of such property, it further provides, he shall estimate the average value of the ·personal property he had in his business each month of the preceding year, or such part thereof as he may have been in business, then add the several monthly estimates and divide the aggregate by twelve, or the number of months he may have been thus engaged in business.    And the average value thus ascertained is the amount on which he is to be taxed for stock or personal property appertaining to his business.    It is clear that there is a conflict between the provisions of section five as amended, and those of sections 13 and 16.    The provisions of the former require manufacturers' stock on hand on the fifth day of June to be valued, listed and taxed the same as other personal property in the town where it is or was on that day.    The latter provide a different mode of valuation and listing—in substance, that the manufacturers' stock on hand on the fifth day of June shall not be valued and listed the same as other personal property in the town where it is

or was on that day.   Section five must be construed to mean that manufacturers' stock belonging to the same person and pertaining to the same business may be taxed in different towns, part in one and part in another, if it is situated part in one and part in another on the fifth day of June.   Sections 13 and 16 provide that the manufacturer, when he delivers to the assessor a statement of his other personal property, *shall include in such statement* the value of the personal property appertaining to his business, to be ascertained by monthly averages in the manner therein pointed out.  This statement should include all personal property pertaining to his business, on which he could be taxed, though situated in different towns.    We cannot reconcile these conflicting provisions.   And we hold that the provisions of sections 13 and 16 must prevail where they are in conflict with those of section five as amended.    It follows, taking the statements of the complaint as true, that the plaintiffs' property was wrongfully listed and taxed in the town of Texas.

The next question is, can the town be held liable for the unlawful act of the assessor ? It is a general principle, that if officers of a corporation do not act within the scope of their au thority, the corporation is not responsible for such unlawful acts.    But we think this case comes within the exception to the rule laid down in the case of *Thayer v. Boston*, 19 Pick., 511.   They court there say :  " There is a large class of cases, in which the rights both of the public and of individuals may be deeply involved, in which it cannot be known at the time the act is done, whether it is lawful or not.   The event of a legal inquiry in a court of justice may show that it was unlawful.  Still, if it was not known and understood to be unlawful at the time, if it was an act done by the officers having competent authority, either by express vote of the city government or by the nature of the duties and functions with which they are charged, by their offices, to act upon the general subject matter, and especially if the act was done with an honest view to

obtain for the public some lawful benefit or advantage, reason and justice obviously require that the city, in its corporate capacity, should be liable to make good the damage sustained by an individual in consequence of the acts thus done." And the court further proceed to show that it was for the benefit of the corporation that such a rule should be established; otherwise its officers might refuse to act, on any weak pretense. We have no hesitation in applying the principle of that decision to this case.

*By the Court.*—The judgment of the court below is reversed, with direction to overrule the demurrer.

A motion for a rehearing was argued by *Messrs. Braley & Smith*, for the respondent, and *Mr. Pinney*, *contra;* and was denied at the June term.

DOWNER, J. We are asked to grant a rehearing in this cause, on the ground that so much of any act as conflicts with sec. 5, ch. 167, Laws of 1859, as amended by ch. 295, Laws of 1860, was repealed by sec. 3 of the latter chapter, which repeals so much of any act as conflicts with the provisions of that chapter. Hence it is said that if there is a conflict between the provisions of sec. 5, as amended, and sections 13 and 16 of the act of 1859, the former should prevail, as the conflicting provisions of the latter were repealed. The act of 1860 also amends, and continues in force as amended, section 16 of the act of 1859, and of course it cannot be repealed by the same act which amends and continues it in force.

Section 16 refers to and is so connected with section 13 that the former cannot be in force without the latter, or at least so much of it as is connected with any question arising in this action. All these sections were therefore rightly inserted by the committee revising these acts, in what is published as chapter 386, Laws of 1860. The amendments to the chapter in 1864 were obviously not intended to repeal sections 13 and 16; and all these sections, 5, 13, and 16, being properly

inserted in the revision known as chapter 386, Laws of 1860, must be construed as if they had all been enacted at the same time by the same act.

*By the Court.*— The motion for a rehearing is overruled.