Schultz, by guardian, vs. The City of Milwaukee.

SCHULTZ, by guardian, vs. THE CITY OF MILWAUKEE.

*April 3 — April 20, 1880.*

CITIES:  PLEADING.   *(1-3) Liability of city for injuries from "coasting."*
                    *(4) Complaint construed.*

1. For injuries suffered by one passing along or over a public street in a city, caused by collision with persons "bobbing" or "coasting" on such street, the city is not liable as for "insufficiency or want of repair" of the street, under sec. 1339, R. S.

2. While the use of a public highway in a city for "coasting" may be a public nuisance, its suppression is a police duty, and not a duty in which the corporation as such has a particular interest, or from which it derives any special benefit in its corporate capacity; and for the non-performance of such duty by its officers and agents the corporation is not liable: *Hayes v. Oshkosh*, 33 Wis., 314.

3. *Little v. Madison*, 42 Wis., 643, distinguished, and the true ground of the decision therein stated.

4. The complaint avers that, prior to the time of the injury, the defendant city, its servants, agents and officers, " did *license* boys and girls to slide down hill in said city; and that under such license and permission the young men, boys and youths " in said city "did use the streets of said city, and particularly Poplar street, to slide down hill with sleds," etc. *Held*, that, in view of the whole complaint, the word "license" must

here be construed as expressing only an omission of the officers to perform their police duty by restraining such use of the streets, and that no cause of action, therefore, is stated; although a positive license granted by the common council would have rendered the city liable.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover damages for injuries received by the plaintiff while passing along one of the public streets of the defendant city. After alleging that the city is a corporation, having authority to keep the public streets therein in repair, to remove nuisances therefrom, and to prevent any improper use thereof, and that Poplar, Seventh and Eighth streets, in said city, are highways dedicated to and used by the public as such, the complaint proceeds as follows:

"And this plaintiff further shows that, on or about the fifth day of January, 1879, and on other days and at other times prior thereto, the defendant knowingly, negligently and carelessly permitted and allowed and sanctioned certain disorderly fellows, and idle persons and boys and youths, to encumber and obstruct said Poplar street, and Seventh and Eighth streets aforesaid where they cross and intersect said street, by practicing and indulging in certain sports, plays and amusements, usually called bobbing or sliding down hill; that said sports, plays, diversions and amusements consisted in a large number of boys and youths, and young persons lacking discretion, assembling and congregating together upon said Poplar street, and connecting together two or more small sleds by a long board and boards, and great numbers of boys and youths getting thereon, and sitting thereon, and letting said structure run furiously and rapidly down the steep hill which is in Poplar street, the summit of which hill is about between Ninth and Tenth streets in said city, and the foot of which hill was and is about between Fifth and Sixth streets of said city, all of which aforesaid streets are public streets and public highways.

"And this plaintiff further shows, that said boys and youths,

and other persons, used said Poplar street as aforesaid for the purpose aforesaid, and obstructed the said street by such use thereof, many days prior to the fifth day of January, A. D. 1879, and many times in the day, and so obstructed said street, and the streets and highways crossing and intersecting therewith, above named, as to hinder and prevent ordinary travel and passage over and upon the same; and such use of said Poplar street, in the manner aforesaid, became and was a public nuisance, to the knowledge of the defendant, its officers, servants, agents and employees; and the defendant negligently and carelessly allowed and permitted said unlawful use and obstruction of said streets to remain and continue from day to day, and many times in the same day, prior to and at the time last aforesaid; and such use of said street and streets was calculated to and did obstruct and encumber the same, and to endanger and did endanger the lives and property of persons traveling upon the same.

" That, prior to the time named aforesaid, the said defendant, its servants, agents and officers, did license boys and girls to slide down hill in said city; and that, under such license and permission, the young men, boys and youths in the city of Milwaukee did use the streets of said city, and particularly Poplar street in said city, to slide down hill with sleds and other structures used by them to slide down hill; and the plaintiff avers that the defendant well knew the dangerous character of such parties to slide down hill, and that the lives and persons of people would be jeopardized thereby.

" And this plaintiff further shows that, on or about the said fifth day of January, 1879, the streets aforesaid of the city of Milwaukee, and particularly Poplar street in said city, was covered with ice and snow, and was very smooth and slippery; that there is a hill on Poplar street extending from about the vicinity of Sixth street to about Tenth street in said city, and the ascent from Sixth street to Tenth street is very steep and abrupt, and the descent from Tenth street downward is at a

Schultz, by guardian, vs. The City of Milwaukee.

very rapid decline; that on the day aforesaid a large number of young men and boys had been and were engaged in sliding down the hill on said street from Tenth street downwards, on sleds, hand-sleds, bobs and bob-sleds, and other structures for sport, amusement and diversion, to the knowledge and with the license of the defendant."

It is further alleged that on the day aforesaid, as the plaintiff was lawfully crossing Poplar street, in the vicinity of Seventh street, with due care, he was run against by one of the structures above described, running down Poplar street with great and uncontrollable speed, carrying about thirty boys and youths seated thereon, and received the injuries complained of.

Defendant demurred to the complaint as not stating a cause of action against the city; and appealed from an order overruling the demurrer.

*D. H. Johnson*, City Attorney, for the appellant, argued, 1. That a municipal corporation is not liable for any failure, mistake or even wrong committed by its legislative department. Dillon on M. C., § 39, and cases cited in the notes. 2. That such a corporation is not liable for any failure on the part of its police department. Dillon, § 773, and notes. 3. That coasting or bobbing in a highway is not an obstruction or defect in the highway, for which a city or town is liable under the statute. *Ray v. Manchester*, 46 N. H., 59; *Hutchinson v. Concord*, 41 Vt., 271. 4. That even if this were otherwise, plaintiff could not recover in this action, because he had not exhausted his remedy against the persons by whose wrongful act the obstruction was caused (Laws of 1874, ch. 184, subch. XX, sec. 1), and because no notice of the damage, etc., had been given as required by sec. 1339, R. S.

For the respondent, there was a brief by *Austin & Runkel*, and oral argument by *Mr. Austin:*

1. In the absence of any express statute, municipal corporations having the powers ordinarily conferred upon them re-

specting streets and sidewalks within their limits, owe the public a duty to keep them in a safe condition for use in the usual modes of travel, and are liable in a civil action for special injuries resulting from neglect of this duty. *Allbrittin v. Mayor of Huntsville* [Sup. Ct. of Ala.], "The Reporter," Aug. 6, 1879. A municipal corporation having exclusive care and control of streets is obliged to see that they are kept safe for the passage of persons, and to abate all dangerous nuisances, and is liable for damages sustained through its neglect of this duty. *Chicago v. Robbins*, 2 Black, 422; *Stanley v. Davenport*, 2 N. W. Rep., No. 11, p. 1064. 2. The complaint in this action is not founded upon the theory that the common council neglected to exercise the restraining power given by the charter, or enforce its police regulations, but solely upon the principle expressed in *Little v. Madison*, 42 Wis., 643. By subd. 3, sec. 3, ch. 4 of its charter, defendant is empowered " to license . . suppress or prohibit all . . exhibitions and *amusements;* " and the complaint avers that the thing which defendant here licensed was an amusement. 3. If the thing permitted to be done was a public nuisance of so long standing that defendant may be charged (as in the complaint) with having "knowingly and carelessly " permitted its continuance, defendant is liable for injury caused by it. The authority to abate the nuisance was conferred by statute (charter, ch. IV, sec. 3, subd. 25); and it was imperative upon defendant to exercise the power. *Kelley v. Milwaukee*, 18 Wis., 83. It not only neglected to do so, but, according to the complaint, licensed and permitted a public nuisance or obstruction in the streets. 4. If defendant authorized or permitted the acts to be done, it is liable as *principal.* *Lee v. Village of Sandy Hill*, 40 N. Y., 442; *City of Pekin v. Newell*, 26 Ill., 320.

LYON, J. 1. The injury of which the plaintiff complains was not caused by the insufficiency or want of repairs of the

street in which he was injured, and hence the action will not lie under section 1339, R. S., p. 415. If authorities are required to so plain a proposition, they may be found in the brief of the city attorney.

2. The complaint contains allegations sufficient to show a gross neglect of duty on the part of the city officials. The coasting or sliding down Poplar street in the manner and to the extent charged in the complaint was, while being indulged in, a grievous public nuisance, which the city authorities ought to have prevented or suppressed. But this duty is a public or police, rather than a corporate, duty, in the performance of which the corporation, as such, "has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community." It was held in. *Hayes v. Oshkosh,* 33 Wis., 314, that a municipal corporation is not. liable for injuries caused by the failure of its officers and agents to perform such duties. In the opinion in that case, from which the above extract is taken, Chief Justice Dixon says that the question there presented "is settled by authority as fully and conclusively as any of a judicial nature can ever be said to have been." See, also, *Wallace v. Menasha,* 48 Wis., 79.

3. The learned counsel for the plaintiff say in their brief, that "the complaint in this action is not founded upon the theory that the common council of the defendant city neglected to exercise the restraining power given by the charter, or enforce its police regulations, but solely upon the principle expressed in *Little, Adm'r, v. The City of Madison,* 42 Wis., 643."

In *Little v. Madison* we construed the complaint as alleging that the city of Madison expressly granted a license to one Carr to give a bear show in State street, which was alleged to be, and in fact is, one of the principal streets of the city. It

was charged that the injury complained of was caused by such bear show, exhibited there pursuant to such license. On demurrer it was held that the complaint stated a cause of action against the city. Although reference is made in the opinion by Mr. Justice COLE, to the fact that it was alleged in the complaint that the agents of the city knowingly and carelessly allowed one of its principal streets to become obstructed by the exhibition, yet the precise ground of the judgment in that case is, that if a municipal corporation, in the attempted exercise of any power conferred upon it by law, as to license shows, amusements and the like, exceeds its authority, and licenses the placing of a public nuisance in a street, or the unlawful and dangerous use of a street for any purpose, and an injury results therefrom, without negligence on the part of the person injured, the municipality is liable to respond in damages for such injury. The case goes no further, and could not without violating well settled principles of law.

It only remains to determine whether the complaint in the present case states a cause of action against the city of Milwaukee, within the rule of *Little v. Madison*. It does so if it is sufficiently alleged therein that the common council of the city, which body has authority under the city charter (chapter 4, § 3) to license amusements and to prevent the encumbering and improper use of the streets (sections 3, 13, 14), actually licensed the use of Poplar street for the unlawful purposes specified in the complaint. Otherwise, no cause of action is therein stated. Regarding all the averments of the complaint in that behalf, and considering also the improbability that the common council would, by deliberate affirmative action, attempt to authorize such an unlawful and dangerous use of the streets of the city, we are constrained to think that the word *license*, as used in the complaint, was intended to mean nothing more than that the city, its servants, agents and officers *permitted* Poplar street to be so used. In *Little v. Madison* the complaint specified the day on which the license was given.

If the common council did grant a license to any persons, or to the public generally, to use Poplar street as it was used, it is very easy to amend the complaint by alleging the fact in unambiguous terms. In its present form we must hold that the license mentioned in the complaint is the passive license of silence and acquiescence, and that the complaint charges nothing more than the omission of the officers or agents of the city to perform a public duty. For the consequences of such non-feasance, as we have already seen, the city is not liable to respond in damages.

It results from the foregoing views that the demurrer to the complaint should have been sustained.

*By the Court.*—The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.