Little, Administrator, vs. The City of Madison.

LITTLE, Administrator, vs. THE CITY OF MADISON.

*May 27 — June 23, 1880.*

*Liability of cities for dangerous shows in streets.*

1. A city is not liable for mere nonfeasance or omission on the part of its officers in respect of their police duties. *Schultz v. Milwaukee, ante,* p. 254.
2. A license from a city, to exhibit wild animals, specifying no place for such exhibition, is a license to exhibit in some *suitable* place; and the fact that the licensee makes the exhibition in a public street, and is permitted to do so by the negligence of the city officers, does not render the city liable for injuries resulting therefrom. A former decision herein (42 Wis., 643) explained.

APPEAL from the Circuit Court for *Dane* County.

After the former decision in this cause (reported in 42 Wis., pp. 643–653), and after the cause had been remitted to the circuit court, the defendant answered, admitting that on the 15th of July, 1876, the officers of said city granted a license to one Carr to exhibit a bear or bears in the city, but denying that such license authorized such exhibition to be made upon any public street, and alleging, in substance, that the license was granted with full notice and instructions to Carr that the exhibition must be made "in some lot or inclosure or building away from the public streets and thoroughfares in said city." The answer further alleged that, if the exhibition was in fact given in a public street, it was so given in violation of said license, notice and instructions, and of law, and without the knowledge of the city or its officers or agents; and that if State street was incumbered or obstructed, or a nuisance was created therein, by such an exhibition, the city, its officers and agents, had no notice or knowledge thereof before the time of the injury complained of. The answer also put in issue all other averments of the complaint, except as to the corporate character of the defendant.

The terms of the license actually granted by the city are sufficiently stated in the opinion. The other evidence need not be stated. Among the instructions given to the jury were these:  1. That the plaintiff could not recover on the ground that the city had granted the license put in evidence.  2. That "if the authorities having charge of the police arrangements of the city, and whose duty it was to see that the streets were kept in order and in a reasonably safe condition, or so free from unlawful obstructions as to be reasonably safe for travel, were chargeable with negligence, which was the cause of the injury, the city was liable;" and that it seemed " that this duty devolves upon the chief of police and his subordinates, all perhaps under the general direction of the mayor, in many respects at least."

There was a verdict for the plaintiff; a new trial was refused; and defendant appealed from a judgment on the verdict.

Brief for the appellant by *Smith & Lamb*, and oral argument by *Mr. Lamb*.

Brief for the respondent by *Gill, Bashford & Spilde*, and oral argument by *Mr. Bashford* and *Wm. F. Vilas*.

COLE, J.  The learned circuit court instructed the jury, in substance, that the defendant city was liable for the injury sustained by the plaintiff's wife, if its police officers or proper authorities were negligent in failing to prevent the bear show in the street.  This was supposed to be the meaning of the decision of this court on the former appeal, as reported in 42 Wis., 643.  It is possible that this is an admissible construction of the opinion, arising from its brevity, and from the failure of the writer to express with precision the real ground upon which the complaint was held good.  But it is to be regretted that the opinion is open to that construction, for certainly the writer did not intend to rest the liability of the city upon any such ground.  In *Schultz v. The City of Milwaukee*,

Little, Administrator, vs. The City of Madison.

*ante,* p. 254, Mr. Justice LYON states accurately the ground of that decision, in saying that " the complaint was construed as alleging that the authorities of the city expressly authorized or licensed the exhibition of the bears on State street, knowing the dangerous character of the exhibition." I say in the opinion that the allegations of the complaint show that the agents of the city not only knowingly and carelessly allowed one of its principal streets to become obstructed by an exhibition of wild animals therein, which exhibition was calculated to produce injury to persons lawfully traveling along the street, but that it was averred that such exhibition was authorized and sanctioned by the city. By this language was meant that the city expressly authorized the bear show in the street; in other words, granted the license to Carr to exhibit the animals in that place according to the complaint. But it was not intended to affirm the doctrine that the city was liable if its police officers neglected to prevent the owner of the bears from making an improper use of the street for a show ground.

The distinction seems obvious between a case where the officers of the city authorize and license a show in the highway — that is, become themselves active agents in the commission of the wrong, — and one where they are merely negligent in preventing such show or improper use of the street. Doubtless the city officers were in duty bound to be diligent to prevent the show in the street where it might cause injury to persons traveling thereon. But if they failed to perform that duty, and an injury resulted from this omission, we do not understand that the law renders the city liable for such neglect. It was further suggested that the liability of the city arose from the fact that it granted a license for the exhibition, for which a fee was received which went into the city treasury. But this fee was not exacted merely for revenue. The granting of licenses for shows was a police regulation, and the fee demanded was not intended to be for revenue, strictly speak-

ing. It appears in this case that the license was a general one " to give a bear show " on the day named. It was not necessary to state in the license that the exhibition was to be at a proper place, away from the public street. This would be implied. As a matter of fact, it appears that Carr was told by several of the officers of the city that he must not exhibit the bears on the street, but go off on some private lot. Still, we must assume that the jury found, under the charge of the court, that the officers were negligent in not taking effectual means to prevent the exhibition on the street before the accident happened; that is to say, they were guilty of a nonfeasance, or an omission of duty as public officers. But for such negligence no action will lie against the city. *Schultz v. The City of Milwaukee, supra.* Even the granting of a license did not, under the circumstances, impose upon the city the responsibility of seeing that the exhibition was had in a suitable place, and conducted in a proper manner. All this would be implied; the licensee would attend to it himself. Nor should the receipt of a license fee be considered as affording a consideration for an implied undertaking on the part of the city to be answerable for the neglect of its police officers to perform their official duty and prevent the exhibition in an improper place. The show licensed was not necessarily dangerous to travelers on the streets, or to any one, if it had been held on a private lot, as the city officers doubtless expected it would be. In any view which we have been able to take of the case, we think the instruction of the court as to the liability of the city is erroneous, and that there must be a new trial.

*By the Court.* — Judgment reversed, and new trial awarded.