WEISENBERG, Administratrix, vs. THE TOWN OF WINNECONNE. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF WINNECONNE vs. WEISENBERG, Administratrix.

*January 10 — January 30, 1883.*

NAVIGABLE RIVER: BRIDGES: TOWNS: VILLAGES. *(1) Bridge over navigable river: negligence in managing draw. (2) Joint liability of town and village. (3) Notice of claim for injuries.*

1. A town or village can maintain a bridge over a navigable river in this state only upon condition that a draw be constructed therein and opened when necessary for the passage of boats and vessels; and such town or village will be liable for any special injury or damage occasioned by its maintenance of such bridge and the negligent failure of its officers and employees properly to open such draw.

2. Where such bridge is situated partly within the limits of a town and partly in a village, and is managed and controlled by both, they will be jointly and severally liable for the injuries occasioned by the negligence of their officers in the management of such draw.

3. In order to maintain an action for such injuries against the town the plaintiff must file the statement of his claim required by sec. 824, R. S., but need not give the notice prescribed by sec. 1339. The latter section has no reference to damages resulting from the obstruction of a navigable river by reason of the insufficiency or want of repairs of a bridge.

ERROR to the Circuit Court for *Winnebago* County.

Action against the *Town of Winneconne* and the *President and Trustees of the Village of Winneconne*, to recover damages for the death of the plaintiff's intestate. The substance of the complaint is stated in the opinion. The defendants separately demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action and that there was a defect of parties defendant. The demurrer of the *Town of Winneconne* was sustained, and that of the *President and Trustees of the Village of Winneconne* was overruled. The plaintiff sued out a writ of error on the order sustaining the demurrer of the town, and the village also sued out a writ of error on the order overruling its demurrer.

For the plaintiff the cause was submitted on the brief of *Weisbrod & Harshaw*.

*Chas. W. Felker*, for the defendants.

ORTON, J. These are two writs of error in the same case, in the first of which the demurrer to the complaint was sustained, and in the second it was overruled. The complaint substantially charges that the deceased came to his death while navigating the Wolf river, in this state, with a vessel called the North Star, of which he was part owner, by reason of the acts of malfeasance and misfeasance of the defendants in placing a bridge across said Wolf river, a navigable stream within said town and village, which obstructed the navigation thereof unless a certain draw therein had been opened, and that by the negligence of the officers, agents, and employees of said defendants such draw was not opened. In short, the complaint charges that the defendants obstructed said river and neglected to remove such obstruction, by reason whereof the deceased, while navigating the same, was killed. This would appear to be a straight common law action, as well as warranted by sec. 1598, R. S.

The defendant town became responsible for this obstruction by the purchase of the bridge, by virtue of ch. 216, P. & L. Laws of 1859, which required the town to keep such bridge in repair " and attended." The only right which either the town or village had to maintain this bridge by the law, or could have, was conditional that a draw should be constructed in the same and opened when the river at this point should be required for the navigation of boats and vessels, and the town clearly assumed the duty to so attend and manage such draw. When this duty was neglected, then the bridge became and was a complete obstruction to the navigation of the river, and the town was responsible therefor, and for all special damage occasioned thereby. The complaint alleges that the town did maintain and control this bridge when the accident occurred. It is not claimed that this special power, right, and duty imposed upon this town by the statute to maintain and attend this bridge were *ultra vires*, and the state clearly had the right to grant and the town had the right to assume such power, right, and duty; and, this being so, the town is liable for neglect of such special duty, as any corporation or individual would be under the same circumstances. Dillon on Mun. Corp., sec. 763.

This view of the case, as to the town, would seem to be sufficient to establish its liability for any special injury or damage to the plaintiff occasioned by its direct act in obstructing the navigation of the Wolf river, and by its neglect in taking the legal and proper precautions against such injury or damage, by causing the obstruction to be removed, or the draw to be opened, which is the same thing in effect. But other statutes might be referred to as charging the town with direct responsibility as to this bridge, such as ch. 138, P. & L. Laws of 1871, authorizing the town to issue bonds to raise money to build a bridge at this point; sec. 776, R. S., authorizing towns to raise money to build bridges; and sec. 1223, R. S., giving the towns supervision of all bridges therein; and

sec. 1318, R. S., authorizing the rebuilding, repairing, and maintaining bridges across any river therein by towns.  The only *highway* in question in this case is this navigable river, and the liability of towns in respect to roads and bridges is not involved, for the deceased was not seeking to use the bridge for the purpose of travel, and it is complained of only as an obstruction to the navigation of the river as a common highway which he had the right to navigate and use without unnecessary obstruction.

The only remaining question as to the liability of the town is whether the proper statutory notice was given to warrant the action.  The complaint alleges that on the 5th day of April, 1880, the plaintiff " filed a statement of her claim with the town clerk, and that more than ten days have elapsed since the annual town meeting of said town held after the filing of said claim."  This was in strict compliance with sec. 824, R. S., as to such claims against towns, and, as we have seen, the statute relating to highways and bridges having nothing to do with this action, the notice required by sec. 1339, R. S., as to damages occasioned by the want of repair of highways, need not have been given, to entitle the plaintiff to bring this action.  The complaint as to the *Village of Winneconne* alleges, and we think is warranted by law, that it was the duty of the president and trustees of said village to build and repair bridges within said village, and that they have the power to raise money by taxation for such purpose, and that both of said defendants, in fact, had the charge, management, and control of said draw and bridge, so as not to interfere with navigation, and that it was by the negligence of their officers, agents, and employees that this obstruction caused the injury complained of.  This would seem to be sufficient to establish the joint and several liability of both of the defendants in this suit.

There is certainly enough in this complaint to charge both

defendants with the responsibility of maintaining this bridge and attending its draw, and their officers, agents, and employees with negligence in not opening the draw of the bridge, or otherwise removing the obstruction to the navigation, on due and proper notice and signal given by the deceased, and that by reason of such obstruction and negligence the deceased came to his death, and that is sufficient.

There are no close or complicated questions of law in the case, and the liability of the defendants rests upon the plainest of elementary principles.

The demurrer as to the *Village of Winneconne* was properly overruled, and the demurrer as to the town ought to have been.

*By the Court.*— The order of the circuit court sustaining the demurrer as to the *Town of Winneconne* is reversed, and the order of the circuit court overruling the demurrer as to the *Village of Winneconne* is affirmed, and the cause remanded for further proceedings according to law.