DURKEE vs. THE CITY OF KENOSHA, imp.

*November 26 — December 11, 1883.*

CITIES.   *Liability for acts of officers.*

A city is liable in an action of tort for the acts of its officers in seizing and selling property to pay a void special assessment for benefits from the opening of a street.

APPEAL from the Circuit Court for *Kenosha* County.

The complaint alleges that the defendant, the *City of Kenosha*, was, when the cause of action arose, a municipal corporation, and the defendant Paul Sauber was then the treasurer of said city; that on February 18, 1882, the defendants unlawfully seized, took, and carried away from the possession of the plaintiff certain goods and chattels of the plaintiff, therein described, of the value of $900, and on the 25th of the same month the defendants, the *City of Kenosha* and Sauber, " did wrongfully, unlawfully, sell and convert said goods and chattels to their own use," to the damage of the plaintiff in the sum of $1,400.

The complaint then proceeds as follows: " That the only-pretense or claim made by the defendants, or either of them, for any interference with the said property was to enforce collection of a supposed special assessment for certain benefits supposed to have accrued to certain of the real estate of plaintiff by reason of the laying out of a certain street by the defending corporation, known as Dayton street.   That prior to the sale of said goods and chattels said Paul Sauber and the *City of Kenosha* had full notice and knowledge that said goods and chattels belonged to the plaintiff — that they were seized without his consent, and without any good and sufficient authority in the law — and also that the said plaintiff forbade the sale thereof and demanded restitution; and also that the alleged special assessment was unauthorized, illegal, fraudulent, void, and of no effect, that said as-

sessment could not lawfully be collected by distress and sale, and also that the plaintiff would hold said defendants to a strict liability in the premises."

It is then alleged that such special assessment, and the levy thereof, " was wholly unauthorized, illegal, fraudulent, void, and of no effect," because of certain alleged omissions, defects, and irregularities (specified in the complaint) in the proceedings of the city council upon which the assessment is founded; and that each of the defendants had full notice and knowledge, prior to February 25, 1882, of each and every such omission, defect, and irregularity. Due demand by the plaintiff of the property so seized and sold, and the refusal of the defendants to deliver the same to the plaintiff, is averred, and judgment is demanded for $1,400 and costs.

The defendant city interposed a general demurrer to the complaint, which was sustained by the court, and judgment dismissing the complaint against the city, with costs, was entered upon the demurrer. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Quarles & Winslow*, and oral argument by *Mr. Winslow*.

For the respondent the cause was submitted upon a brief signed by *Charles Quarles*, of counsel, and *James Cavanagh*, its attorney.

LYON, J. The laying out and opening of streets in a city, the assessment of damages and benefits resulting therefrom, and the collection of the sums so assessed as benefits, are strictly municipal functions, and the officers of the city by whom those functions are performed thereby discharge municipal or corporate duties, as distinguished from public or governmental duties. Hence, this case is not within the rule established in *Hayes v. Oshkosh*, 33 Wis., 314; *Schultz v. Milwaukee*, 49 Wis., 254; and *Little v. Madison*, 49 Wis., 605, which relieves the municipality from liability for torts

committed by its officers in the discharge of merely public or governmental duties. Neither is the case within the rule of *Wallace v. Menasha*, 48 Wis., 79, nor within the application of the rule of the cases above cited suggested in the doubt expressed in the opinion. The rule of *Wallace v. Menasha* is that if the collecting officer of a city seize the property of A. for nonpayment of a tax assessed against B., and which the city authorities have directed him to collect of B., the city is not liable to A. in an action of tort for such unlawful seizure of his property. The judgment went upon the grounds that the city had not authorized or directed its officer to make the seizure complained of, and that he acted without any authority, real or apparent. In the present case the officer seized the property of the plaintiff in strict obedience to the mandate of the city council.

The doubt expressed in *Wallace v. Menasha* is upon the question whether the rule of the cases first above cited is not also applicable to torts committed by the treasurer in the collection of taxes,— whether the rule *respondeat superior* has any application in such a case. This point was not decided, and perhaps the suggestion of it might better have been omitted from the opinion, inasmuch as it did not aid in the determination of the case. However that may be, we were then speaking of the general taxes levied for the support of the government under authority of the government, and not of a mere local assessment for a municipal improvement in which the general public has no direct concern. The distinction between the two cases is obvious and substantial.

The learned counsel of the city maintain, with much ingenuity of argument, that because (as is assumed) it is alleged in the complaint that the city, or rather its governing body, the city council, levied the assessment in controversy with full knowledge that it had no authority to do so, and that the same was null and void, their action is *ultra vires*,.

and the city cannot be held liable in tort for the conse-
quences of it.  Counsel say, by way of illustration, that had
the council by vote directed its treasurer to commit highway
robbery upon the plaintiff, and had the treasurer obeyed the
mandate, clearly the city would not be liable therefor in an
action of tort; and they argue that this case in principle is
like the one supposed.  We think the counsel take an en-
tirely erroneous view of the complaint.  While it is inartifi-
cially drawn, and in some respects is deficient in clearness
and completeness of statement, yet we are satisfied that the
pleader did not intend to aver that members of the city
council acted in the premises in bad faith, with the knowl-
edge and in the belief that the assessment which they levied
on plaintiff's property was absolutely null and void.  Such
conduct would be too stupid and absurd to be lightly im-
puted to citizens intrusted with important public trusts, and
no doubtful or uncertain allegations in the complaint should
be held to charge them therewith.

A critical analysis of the complaint will not be attempted,
but we think the fair, reasonable construction of it is that
it does not impeach the honesty and good faith of the mem-
bers of the council in making the assessment, but only
charges that they knew the facts alleged, which the plaint-
iff claims render the assessment void; the council, in the
mean time being of the opinion, presumably, that the exist-
ence of those facts did not invalidate the assessment, or, at
least, not knowing that the assessment was invalid.  True,
several terms are employed to characterize the assessment,
and among them the term "fraudulent."  We hardly know
what was intended by the use of the term, but do not think
it should be construed as imputing dishonesty to the mem-
bers of the city council.  It seems to be a case of excess of
adjectives, some of which have little or no significance in
the connection in which they are used.  In *Squiers v. Nee-
nah, infra,* the term "wanton" in the complaint, used to

characterize an alleged trespass, was held not to make the trespass wilful, although such would be the ordinary effect of its use in that connection. That is another case of excess of adjectives, used without meaning, although the court do not quite say so. In that case no facts were alleged which justified the charge that the trespass was wanton. Here no facts are alleged to justify the charge that the assessment was fraudulent.

It is conceded that the facts alleged in the complaint show that the assessment against plaintiff's lots is void. Giving the complaint the construction above indicated, it states a cause of action in tort against the city, under the rule laid down and applied in the following cases: *Hurley v. Town of Texas*, 20 Wis., 634; *Squiers v. Neenah*, 24 Wis., 588; *Crossett v. Janesville*, 28 Wis., 420; *Hamilton v. Fond du Lac*, 40 Wis., 47. The same rule is fully recognized in the other cases above cited, particularly in *Wallace v. Menasha*, 48 Wis., 79. See, also, *Uren v. Walsh*, 57 Wis., 98. The above cases contain all that is necessary to be said on the rule and its application. Further discussion here would be superfluous.

*By the Court.*— The judgment is reversed, and the cause remanded with directions to overrule the demurrer.