Okey, J.
In an action against a municipal corporation to recover damages for an injury to the person, sustained by reason of the negligence of the agents of such corporation, it is important to ascertain with precision the duty which such agents failed to perform or performed negligently. Por, although such corporations derive all their powers from one source, namely, the legislature, and necessarily perforin their functions solely by agencies, yet there is a marked distinction as to their liability for the acts of their agents, arising from the different characters in which the corporation is-charged with the performance of duties. Thus, with respect to the power to suppress riots and assemblages of disorderly persons, it has been uniformly held, in the absence of statutory provision to the contrary, that the corporation is a mere agency of the state, and not liable for negligence in the performance of such duties. Upon this principle it has been held that there is no corporate liability for the acts of a mob, although the charter contains this provision as to the duties of council, that “ it shall be their duty to regulate the police of the city, preserve the peace, prevent riots, disturbances and disorderly assemblages ” (Western Reserve College v. Cleveland, 12 Ohio St. 375); nor is such corporation liable to an individual for damages resulting from a failure to provide the necessary agencies for extinguishing fires, or for negligence of officers and others connected with the fire department, although the obligation to perform such duties is imposed by statute (Wheeler v. Cincinnati, 19 Ohio St. 19); nor is a city liable for failure to enforce an ordinance with respect to the storage of oils, although its agents had notice of the failure to observe the ordinance, and notwithstanding the fact that by reason of such nonobservance, the property of a citizen of the corporation was destroyed. Roberts v. Cincinnati, Sup. Ct. Gen. Term, 5 Am. L. Rec. 73.
But concerning the powers and privileges which are to be exercised for the improvement of the territory within the corporate limits, and as to which the pecuniary and proprietary interests of individuals are represented, as the construction of a bridge (Dayton v. Pease, 4 Ohio St. 80), or placing water *629 mains in a street (Ironton v. Kelley, 38 Ohio St. 50), the liability of the corporation for negligence is largely, if not entirely, measured by the liability of individuals for similar acts. This principle was applied in Newark v. Frye, decided by this court March 22, 1881. The council of the city of Newark, being authorized to "guard against injuries by fh’e,” and to purchase fire engines, etc., “ and all other apparatus and instruments as shall be deemed necessary to the extin-guishment of fires” (66 Ohio L. 204, § 327; Revised Statutes, § 2471), and having under consideration the propriety of purchasing the Champion Fire Engine, a fire extinguisher, appropriated money for the purchase of combustible material for the purpose of making a test of such engine. An old building was removed to the center of one of the principal streets of the city, and the same was partly filled with boxes and shavings, on which was poured a large quantity of gasoline, some of the officers of the city assisting in the work, and several members of the council being present and making no objection. On applying a match, there was an immediate explosion, which destroyed the structure, killed several persons and injured others. This court properly held the city liable, following Dayton v. Pease, supra. 6 Cincinnati L. Bul. 130. And see Little v. Madison, 42 Wis. 643, as explained in Schultz v. Milwaukee, Little v. Madison, 49 Wis. 254, 605; Chicago v. Schmidt, 107 Ill. 187; Bathurst v. Macpherson, 4 App. Cas. 256; Kent v. Worthing Local Board, 10 Q. B. D. 118; The Queen v. Williams, 9 App. Cas. 418.
Undoubtedly there is difficulty, sometimes, in determining the class in which a particular case must fall; and' it is also true that there is considerable conflict in the authorities, as to the extent of such liability. We will'make no attempt to settle this conflict, but have referred to the above cases for the purpose of illustrating the distinction" already stated between cases falling within the police power of the corporation and those in which it represents the property rights of the citizen. Reference to most of the cases on the subject, decided previous to 1877, will be found in Hill v. Boston, 122 Mass. 344; and see Springfield v. Spence, 39 Ohio St. 665; Bathurst *630 v. Macpherson, supra; Barnes v. District of Columbia, 91 U. S. 540.
That firing cannon in a public street of a municipal corporation, except in case of imperative and urgent necessity, is an intolerable nuisance, and that all persons engaged in such unlawful act are personally liable for all damages caused thereby, are propositions concerning which there is no room for difference of opinion. But a very different question is presented when it is attempted to fasten liability for such injuries on a municipal corporation. We cannot say that the firing complained of in the petition was licensed or expressly authorized. While the common law rule, that pleadings must be construed most strongly against the pleader, has been abrogated, we are not required, under the present system, to construe every equivocal word or phrase most strongly in favor of the jaleader. On the contrary, the meaning of the pleader must be fairly ascertained, without regard to technical rules from the whole instrument. Crooks v. Finney, 39 Ohio St. 57. Of course, if legal or technical words are used, we are to understand them in their recognized sense, unless the context shows another sense was intended. The words of the petition,- fairly construed, charge no more than that the authorities of the village permitted, that is, took no measures to prevent, such firing ; and so the case clearly falls within the first class to which we have referred, and hence the corporation is not liable. Morristown v. Fitzpatrick, 94 Pa. St. 121, and Boyland v. New York, 1 Sand. S. C. 27, are both remarkably like this case in their facts, and in each it was held that the corporation was not liable. And see Campbell v. Montgomery, 53 Ala. 527; Lafayette v. Timberlake, 88 Ind. 330. To be sure, it is urged here that the village is liable by force of the Revised Statutes, § 2640, which provides: “ The council shall have the care, supervision, and- control of all public highways, streets, avenues, alleys, side walks, public grounds and bridges within the corporation, and shall cause the same to be kept open and in repair and free from nuisance.” In our opinion, however, the word nuisance, in this connection, does not include an assemblage of persons engaged in such unlawful act, but refers to *631 something which is, in a sense, fixed or permanent, as a defect in the street. But if we could'hold otherwise, the result would be the same, for if nuisance embraces a mob, then the city is not liable for such nuisance, on the principle already stated.
In any view the judgments below are right.

Judgment affirmed.