GEORGE T. BUTTERFIELD *vs.* CITY OF BOSTON.

Middlesex.    January 15, 16, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Defect in Way — Drawbridge — Negligence of Gateman.*

</div>

A city bound to keep in repair a drawbridge forming a part of a highway, which has supplied a sufficient draw and suitable gates therefor as well as a competent draw-tender and gateman to manage them, is not liable for injuries occasioned to a traveller by being thrown with his horse and vehicle into the water, through the momentary negligence, while the draw is being opened, of the gateman in opening the gate, or of the draw-tender in moving the draw.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in Warren Bridge, a part of a highway in the defendant city. The second count of the declaration alleged that, while the plaintiff " was driving over the said way and bridge, using due care, the defendant negligently opened the draw in said bridge, causing an opening or defect in said way and bridge, which the defendant did not guard and protect by a suitable barrier or railing, whereby the plaintiff, with his horse and team, fell into the said opening, to his great injury, both in his person and property."

Trial in the Superior Court, before *Blodgett,* J., who instructed the jury, in substance, that they would be warranted in finding upon the facts that there was a defect in the highway, which

might have been remedied by the exercise of proper care and diligence on the part of the city.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*A. J. Bailey*, for the defendant.

*F. S. Hesseltine*, (*W. H. Hart & J. A. Brackett* with him,) for the plaintiff.

MORTON, C. J. This case was tried upon the second count in the declaration, and the only question before us is whether the defendant is liable by reason of a defect in a highway. The facts are not in dispute. Warren Bridge is a part of a highway which the city of Boston is bound to keep in repair. St. 1874, c. 259. The plaintiff was intending to drive across the bridge; when he reached it, the gateman was in the act of closing the gate across the way at that place; seeing the plaintiff, he opened the gate and beckoned him on; the plaintiff drove on, and when his horse had put his fore feet upon the draw it was moved by the draw-tender, and the plaintiff and his horse and vehicle were thrown into the river. The gates provided by the city were suitable, and the gateman and draw-tender were competent persons. To render the city liable, the plaintiff must prove that he received an injury through a defect, or want of repair or of sufficient railing, in the highway or bridge, which might have been remedied, or which injury might have been prevented by reasonable care and diligence on the part of the city, and that the city had notice of the defect, or might have had notice by the exercise of proper care and diligence on its part. Pub. Sts. c. 52, § 18. We are of opinion that the facts of this case do not bring it within the letter or the spirit of this statute. The injury to the plaintiff was caused by the momentary negligence of the gateman or the draw-tender, for which they may be liable, but for which the city is not liable. *Nowell* v. *Wright*, 3 Allen, 166. *McDougall* v. *Salem*, 110 Mass. 21. *French* v. *Boston*, 129 Mass. 592.

It seems to us a misuse of terms to say that the injury happened through a defect in the street, of which the city had notice, and which it might have remedied by reasonable diligence. The draw-tender is required by law to open the draw for the passage of vessels. The law contemplates that it shall

frequently be opened. The opened draw, though it made the street dangerous, was not a defect under the statute. Nor can the city be held liable because at the moment when the plaintiff went upon the bridge the gateman opened the gate and the draw-tender moved the draw. If this was negligence on the part of either, he may be liable. *Nowell* v. *Wright* 3 Allen, 166. But the city had supplied a sufficient draw and suitable gates, and had employed competent persons to manage them. The injury to the plaintiff was caused, not by any failure of the city to perform its duty, but, as we have before said, by a momentary negligence of the gateman or of the draw-tender. For this negligence the city is not responsible, and it cannot be indirectly held liable, upon the theory that this negligence created a defect in the street which the city by reasonable diligence might have remedied. We are therefore of opinion, that the instructions of the learned justice who presided at the trial were erroneous.

*Exceptions sustained.*