Nicolai, Appellant, vs. The Town of Vernon, imp., Respondent.

*October 24 — November 13, 1894.*

*Towns: Highways: Removal of encroachment: Injunction: Parties.*

The removal of a fence by the supervisors and pathmaster of a town, on the claim that it encroaches upon a highway, is an act within the scope of their general official duties, and, if unlawful, the town is liable therefor; and where such removal is threatened, the town is a proper party to an action to prevent it.

APPEAL from the Circuit Court for *Waukesha* County.

This is an action in equity to prevent the threatened removal of plaintiff's fences and the taking of a strip of his land for highway purposes. The complaint alleges, substantially, plaintiff's ownership of 200 acres of land in the defendant town, bordering on a certain highway, and alleges that the defendant town and the other defendants, who are alleged to be the supervisors and pathmaster of

the town, threaten and are about to enter on plaintiff's premises and remove his fence along said highway, and to unlawfully appropriate and use for highway purposes a long strip of plaintiff's land adjoining said existing highway, and that no legal proceedings have been had for the change or alteration of the line of said highway. Irreparable injury is alleged, and a perpetual injunction is prayed for against all the defendants, preventing such threatened acts.

The town of *Vernon* demurred to the complaint generally, and on the ground that there is a defect of parties defendant. From an order sustaining this demurrer, the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Lindley Collins*, attorney, and *Christian Doerfler*, of counsel, and for the respondent on that of *Ryan & Merton*.

To the point that the town could not be held liable for the acts of its officers which are clearly outside of the scope of their authority and therefore unlawful, counsel for the respondent cited *Owens v. Milwaukee*, 47 Wis. 462; *Wallace v. Menasha*, 48 id. 79; *Williams v. Yorkville*, 59 id. 119.

WINSLOW, J. The only reasonable construction of the complaint is that the supervisors and pathmaster of the town, in their official capacities, are about to remove plaintiff's fence, on the claim that it encroaches upon the public highway. This would be an act within the scope of their general official duties, and evidently done with an honest view (no bad faith being charged) to obtain for the town a benefit. It would be the attempted discharge of a municipal or corporate duty, as distinguished from a public or governmental duty. In such cases the municipality is liable if the acts of its officers prove to be unlawful. *Hurley v. Texas*, 20 Wis. 634; *Durkee v. Kenosha*, 59 Wis. 123. If the municipality is liable for an act of its officers, it must

be because the officers were its agents in the performance of the act, and the municipality has acted through its agents. In this case, therefore, under the allegations of the complaint it appears that the town is in fact the principal in the threatened invasion of plaintiff's lands; and, if it be the principal, it is plainly a proper party to the action brought to prevent the invasion.

*By the Court.*— Order reversed, and action remanded for further proceedings according to law.