EVANS, Respondent, vs. CITY OF SHEBOYGAN, Appellant.

*April 8—April 29, 1913.*

*Municipal corporations: Drawbridge: Negligence of bridge tender: Injury to traveler on highway: Liability at common law.*

The operation of a draw in a bridge forming part of a highway is, as to travelers over it, a part of the maintenance of the highway, and a city performs therein a governmental, not a municipal, function.   There is, therefore, no common-law liability of the city for injuries to a traveler over the bridge caused by negligence of the bridge tender in operating the draw.

APPEAL from an order of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge.   *Reversed.*

*Henry A. Detling,* city attorney, for the appellant.

For the respondent the cause was submitted on the brief of *M. C. Mead* and *Edward Voigt.*

BARNES, J.   This is an appeal from an order overruling a general demurrer to a complaint in an action brought to recover damages for personal injuries sustained through the negligence of a bridge tender employed by the defendant to operate a drawbridge over a navigable stream.   The plaintiff was riding a bicycle over the draw of the bridge when he was injured.   No notice of injury such as is required by sec. 1339, Stats., was served, and the only question involved is whether the plaintiff has a common-law right of action.

The question is as close as it is narrow.   If as to travelers

over the bridge the bridge tender was performing a municipal function, the rule of *respondeat superior* applies.   If he was performing a governmental function it does not apply.

This court is committed to the doctrine that at common law no action could be maintained against a town for damages sustained through a defect in a highway.   *Stilling v. Thorp,* 54 Wis. 528, 532, 11 N. W. 906; *McLimans v. Lancaster,* 63 Wis. 596, 600, 23 N. W. 689; *Sowle v. Tomah,* 81 Wis. 349, 351, 51 N. W. 571; *Daniels v. Racine,* 98 Wis. 649, 651, 74 N. W. 553.   The reason of the rule is that the duty of opening and maintaining highways is enjoined on towns, cities, and villages by law and for the benefit of the general public, and that in the performance of these duties the municipalities are performing a governmental and not a municipal function.   The line of demarcation between these two functions is often shadowy, as will be seen from a review of the cases.

It has been held that a city is not liable for damages for property destroyed by fire resulting from the negligence of the firemen employed, because they were performing a public or governmental duty.   *Hayes v. Oshkosh,* 33 Wis. 314; *Britton v. Green Bay & Ft. H. W. W. Co.* 81 Wis. 48, 57, 51 N. W. 84.   Nor for the negligence of a fireman in hauling coal for use by the city fire department.   *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377.   Nor for injury to a person caused by the negligence of a drunken fireman in driving a fire truck.   *Higgins v. Superior,* 134 Wis. 264, 114 N. W. 490.   Nor for the action of a city treasurer in selling the property of the wrong person to secure payment of delinquent personal property taxes.   *Wallace v. Menasha,* 48 Wis. 79, 4 N. W. 101; *Hurley v. Texas,* 20 Wis. 634.   Nor for injuries caused by a board of public works in disposing of city garbage.   *Kuehn v. Milwaukee,* 92 Wis. 263, 65 N. W. 1030.   Nor for the death of a child caused by the negligence of a school board in permitting sewers to become clogged up.   *Folk v. Milwaukee,* 108 Wis. 359, 362, 363, 84 N. W. 420.

Nor for injuries resulting to a pedestrian from permitting children to coast on the streets with bob-sleds. *Schultz v. Milwaukee,* 49 Wis. 254, 5 N. W. 342. Nor for issuing a license to permit an exhibition of animals on the streets. *Little v. Madison,* 49 Wis. 605, 6 N. W. 249. Nor for the negligence of a health officer in performing the duties of his office. *Kempster v. Milwaukee,* 103 Wis. 421, 423, 79 N. W. 411. Nor for placing a manhole in a street in a negligent manner. *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164. On the contrary, it has been held that a city in constructing cisterns in which to store water for fire purposes is performing a municipal function and is liable for damages caused by the negligence of its employees. *Mulcairns v. Janesville,* 67 Wis. 24, 29 N. W. 565. And that in the opening of streets and the assessments of damages and benefits resulting therefrom and in collecting the sums so assessed a city is performing a corporate as distinguished from a public duty, and is liable for the tort of an officer in seizing and selling property to pay a void assessment. *Durkee v. Kenosha,* 59 Wis. 123, 17 N. W. 677. And the same rule is held where a city in laying out or building a highway wrongfully invades the property of an abutting owner. *Bunker v. Hudson,* 122 Wis. 43, 54, 99 N. W. 448; *Nicolai v. Verona,* 88 Wis. 551, 60 N. W. 999. Also that a city in furnishing water to private consumers is performing a corporate function and is liable for the negligence of its agents. *Piper v. Madison,* 140 Wis. 311, 314, 122 N. W. 730.

In a case which approaches more nearly in its facts to the one we are considering than any other in this court, it was held that there was a liability at common law for the negligence of a bridge tender which caused the death of a person engaged in navigating the river over which the bridge was constructed. *Weisenberg v. Winneconne,* 56 Wis. 667, 14 N. W. 871.

The court of appeals of the Seventh circuit faced the pre-

cise situation which we have before us, and after a full consideration of the Wisconsin cases held by a divided court that there was a liability at common law, Judges ANDERSON and GROSSCUP reaching this conclusion, while Judge BAKER was of a contrary opinion. *Naumburg v. Milwaukee,* 146 Fed. 641.

It may be here remarked that Wisconsin, in adopting the rule of nonliability at common law for injuries caused by defects in highways, followed the lead of the Massachusetts and some other New England courts, and that these courts have carried the rule to what they deem to be its logical conclusion, by holding that a city is not liable to a traveler over one of its highways for damages resulting from the negligence of a bridge tender. *Butterfield v. Boston,* 148 Mass. 544, 20 N. E. 113; *French v. Boston,* 129 Mass. 592; *Daly v. New Haven,* 69 Conn. 644, 38 Atl. 397. The Michigan court has adopted the same rule and applied it to navigators. *Corning v. Saginaw,* 116 Mich. 74, 74 N. W. 307. There is at least an intimation in *Stephani v. Manitowoc,* 89 Wis. 467, 471, 62 N. W. 176, to the effect that there is no liability in the present case. It is there said:

"If the city had provided suitable barriers and lights, and the bridge tender had omitted to use them, that would be a different case. It would be the case which the defendant argues. It would be like the question decided in *Butterfield v. Boston,* 148 Mass. 544, 20 N. E. 113, which would be a strong authority if applicable."

Judge BAKER in his dissenting opinion in *Naumburg v. Milwaukee, supra,* argues that the case of *Weisenberg v. Winneconne* was correctly decided under the principles of maritime law, which he says are paramount to the common law of a state as expounded by the state courts whenever there is a conflict. His reasoning is to the effect that our navigable rivers are highways of the United States over which Congress has assumed jurisdiction to the extent of prescribing the conditions under which they may be obstructed by draw-

bridges (Act July 5, 1884, 23 U. S. Stats. at Large, 148, ch. 229, sec. 8) ; that the right of the navigator is paramount to that of the land traveler; that the right to maintain drawbridges is given on condition that they be properly maintained and operated so as not to interfere with navigation; and that admiralty law does not recognize the right of any municipality to secure immunity from damages resulting from the negligent operation of a drawbridge by invoking any rule of local law. The reasoning advanced is sustained by the case of *Workman v. New York,* 179 U. S. 552, 21 Sup. Ct. 212, and also by *Greenwood v. Westport,* 60 Fed. 560. It should be said, however, that neither the courts of Massachusetts nor Michigan recognize any such rule of law. We think there is reason for saying that as to a person navigating a river a municipality is performing a corporate duty, or, if not, that it cannot escape liability for negligence of its employees by asserting that it is performing a governmental duty. We are presently dealing with the rights of a traveler over the bridge and not of one over the waterway. It seems quite clear that the operation of a drawbridge is a part of the maintenance of a highway as to travelers over it. A bridge as to land travelers is part of a highway, and the draw therein, if there is one, is part of the bridge. Neither bridges nor draws are constructed to aid navigation. In fact they obstruct it. They are built and operated in aid of land travel. It is difficult to see wherein a city, as to land travelers, is acting in a different capacity in the matter of maintaining barriers along or across a bridge or in renewing planks therein than it is when it opens a draw to permit a vessel to pass through. If there is any difference it is too refined for practical application. Operation of the draw in such a case is part and parcel of the work of maintaining the highway by land. The duty of doing the work is enjoined upon the city by law. The service is performed for the general public. The city in its corporate capacity receives no more benefit from it than it does from building the bridge itself or from constructing a street

in the city.    These are the tests which generally determine
whether a function is municipal or governmental.    We are
unable to escape the conclusion that as to the plaintiff the city
was performing a governmental duty.    For negligence in this
regard there is no common-law liability.

*By the Court.*—The order appealed from is reversed, and
the cause is remanded with directions to sustain the demurrer
to the complaint.