Stephani vs. The City of Manitowoc.

STEPHANI, Administrator, Respondent, vs. THE CITY OF MANITOWOC, Appellant.

*January 15 — February 5, 1895.*

*Municipal corporations: Drawbridge: Death of person caused by absence of barriers and lights: Notice: Employment of competent bridge tender: Parties.*

1. If, by reason of the failure of a city to provide suitable barriers and lights for a drawbridge maintained by it as a part of a street, such bridge was not reasonably safe and sufficient for the passage of travelers at all times, the city is responsible for the death of a

traveler who, because there were no barriers or lights, and without negligence on her part, fell through the open draw at night and was drowned.

2. The rule requiring previous notice of the existence of the defect is not applicable to such a case, since the defect is a lack of completion of the bridge for the uses for which it was intended, and is obvious.

3. The city is not absolved from liability in such a case by the fact that it had employed a competent bridge tender to operate the draw of the bridge which it had left incomplete and unsafe.

4. If the condition of the bridge which caused the accident was not the fault of the bridge tender, he is not liable over to the city and need not be joined as a defendant in the action against the city.

APPEAL from an order of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to the complaint. The complaint shows that the city of *Manitowoc* is divided into two parts by the Manitowoc river, a navigable stream, which flows through it. The city has erected and maintains a drawbridge across that stream for the purpose of making a highway connection between the two parts of the city. This constitutes one of the principally traveled highways of the city. The city has provided no guards or barriers to prevent people from walking off the bridge when the draw is open; nor has it provided lights to light the bridge in the night time. The plaintiff's decedent, while passing over the bridge on a dark night, without negligence on her part, fell into the river through the open draw and was drowned. There was a demurrer to the complaint, which was overruled, and the defendant appealed.

*J. S. Anderson*, city attorney, for the appellant, contended, *inter alia*, that the word " insufficiency," as used in sec. 1339, R. S., applies directly to the structure of the road or bridge itself, and not to the manner in which it is used. Elliott, Roads & S. 51; *Butterfield v. Boston*, 148 Mass. 544. When

the city has provided a bridge proper in itself for the purposes for which it was to be used, it was discretionary with it to what extent it would guard against mere possible accidents. It could not be expected that the city would stop a vessel or ship, when it desired to pass through the draw, until barriers had been erected and red lights placed to warn travelers that a vessel was passing. Such regulations would be unreasonable. *Lehigh Co. v. Hoffort*, 116 Pa. St. 119, 2 Am. St. Rep. 587, and note; *McDade v. Chester*, 117 Pa. St. 414, 2 Am. St. Rep. 681, and note. Nor is the presence or absence of lights a matter which can affect plaintiff's right of action. The city has a discretion as to whether it will light its streets or not light them, and if it chooses to light them it is the judge to what extent it will do so. Dillon, Mun. Corp. § 1010; *Merrill v. St. Paul*, 38 Minn. 134; *Sparhawk v. Salem*, 1 Allen, 30; *Randall v. Easton R. Co.* 106 Mass. 276; *Lyon v. Cambridge*, 136 id. 419; *Lewis v. Atlanta*, 77 Ga. 756, 4 Am. St. Rep. 108; *Macomber v. Taunton*, 100 Mass. 256; Elliott, Roads & Streets, 458, and notes. But if it is a defect to swing a bridge across a navigable stream without the city providing lights or erecting barriers across the street every time it is so swung, then the complaint is still defective because it does not allege that the city had notice of such defect. *Noble v. Richmond*, 31 Gratt. 271; *Wilson v. Troy*, 135 N. Y. 102; *Spiceland v. Alier*, 98 Ind. 467. The plaintiff rests his entire cause of action upon the fact alleged that the bridge tender failed to give any warning that the bridge was open. Assuming that the bridge tender did so neglect his duty, it was not a defect in the bridge or in the highway that caused the accident complained of, but a neglect of an official duty on the part of an officer; and for such neglect no right of action is given against the city. The bridge tender whose alleged negligence is assigned as the cause of the accident being primarily liable, he should have been made a defendant.

Stephani vs. The City of Manitowoc.

For the respondent there was a brief by *Schmitz & Kirwan*, and oral argument by *A. J. Schmitz*. They argued, among other things, that where the erection of rails or barriers along the highway is a reasonable and necessary precaution to guard travelers against danger, the municipality is bound to provide such safeguards, and it will be liable for damages sustained on account of failure in this regard. *Haskell v. New Gloucester*, 70 Me. 305; *Stack v. Portsmouth*, 52 N. H. 221; *Kennedy v. New York*, 73 N. Y. 365; *Milwaukee v. Davis*, 6 Wis. 377; *Seward v. Milford*, 21 id. 485; *Ward v. Jefferson*, 24 id. 342; *Kenworthy v. Ironton*, 41 id. 647; *Prideaux v. Mineral Point*, 43 id. 513; 9 Am. & Eng. Ency. of Law, 380. Where municipal corporations control drawbridges they must exercise care to prevent injuries to those desiring to pass over the bridge, and must protect the open draw by a barrier and by lights at night, and the omission to do so is negligence. Jones, Neg. of Mun. Corp. § 123; 2 Thomp. Neg. 797; *Chicago v. Powers*, 42 Ill. 169; *Chicago v. Wright*, 68 id. 586; *Scott v. Chicago*, 1 Biss. 510; *Manley v. St. Helens C. & R. Co.* 2 Hurl. & N. 840; 2 Dillon, Mun. Corp. § 728, note. Notice is not necessary where the injury resulted from the omission to do an act which it was incumbent on the defendant to perform. *Barton v. Syracuse*, 36 N. Y. 54; *Mayor v. Sheffield*, 4 Wall. 189; Jones, Neg. of Mun. Corp. §§ 185, 186. Nor when the city is in fault. 2 Dillon, Mun. Corp. § 1020. An express or implied notice is necessary only where the basis of liability is neglect to repair defects caused by others. 2 Dillon, Mun. Corp. § 1025; *Wilson v. Troy*, 135 N. Y. 96; *Turner v. Newburgh*, 109 id. 301; *Brusso v. Buffalo*, 90 id. 679.

NEWMAN, J. It is claimed that the complaint is demurrable on two grounds: (1) That it does not state facts which show that the bridge was insufficient; and (2) that it does show affirmatively that the negligence, if any, which caused

the death of the plaintiff's decedent was the negligence of the bridge tender, who, being ultimately liable, should have been joined as a defendant in the action.

No doubt it was the duty of the defendant to make its drawbridge reasonably safe and sufficient for the safe passage of travelers upon it, both by day and in the night time. It was built for a drawbridge. It was contemplated that the draw would often be open at times when travelers would be crossing upon the bridge. It is in relation to this function that its sufficiency is to be considered. If it was not reasonably safe as a drawbridge without some barrier to warn travelers and so protect them from falling from the bridge when the draw was open, then the city was in fault in not having provided such a barrier; or, if it was not reasonably safe and sufficient as a drawbridge in the night time without being lighted, then it was the duty of the city to light it in the night time,— for the city had not completely done its duty to the public until it had made that drawbridge reasonable safe and sufficient for the passage of travelers at all times. If the want of such a barrier or light was a defect at all, it was a defect in the structure of the bridge itself. Reasonable care and diligence on the part of the city would easily have remedied it. No doubt so simple a caution as a mere pole placed across the passageway would have prevented this accident. If the city had provided suitable barriers and lights, and the bridge tender had omitted to use them, that would be a different case. It would be the case which the defendant argues. It would be like the question decided in *Butterfield v. Boston*, 148 Mass. 544, which would be a strong authority if applicable.

Possibly the question whether the absence of barriers and lights was an insufficiency in the bridge, as a fact, is not so clear as to make the question of negligence one of law for the court. The proper inference of fact to be drawn from the facts stated may not be so clear as that the court may

draw it.. But in either view of that question the complaint states sufficient facts to justify the inference of negligence by the proper trier.

The rule which requires notice to the corporation of defects in its highway or bridge has no application in such a case as this. It is not like the case of an accident to the bridge or a mere want of repair. The defect is the lack of completion of the bridge for the use for which it was intended, and is obvious. The city was under an absolute duty to make this drawbridge safe to public travel. It was bound to use reasonable diligence and care to that end. It was bound to see that the open draw was carefully guarded, so as to be reasonably safe. It was not absolved from this duty by the employment of a competent bridge tender to operate the draw of a bridge which it had left incomplete and unsafe. *Wilson v. Troy,* 135 N. Y. 96–102, and cases cited.

The complaint fails to show that the bridge tender will ultimately be liable over to the city. It fails to show that the condition of the bridge which caused the accident was in any way his fault. His duty, so far as appears, was to operate the bridge in the condition in which the city provided it. It was no part of his duty to complete it or to furnish it with barriers and lights. So long as he performed well the duty which was within his employment, he could not become liable over to the city for a loss which is the result of its own fault. He is not a guarantor of the city against loss which it incurs by its own want of care. So the complaint does not disclose any defect of parties defendant.

*By the Court.*— The order of the circuit court is affirmed.