(102 So. 720)
PHILLIPS v. TUSCALOOSA COUNTY.
(6 Div. 294.)

(Supreme Court of Alabama. Jan. 15, 1925.)

1. **Bridges ⊂⊃37—County failing to take a guaranty from builder of bridge assumes liability of builder for defects therein.**

Where county failed to take guaranty from contractor building a drawbridge, under Code 1907, § 3038, county's liability is the same in all respects as that of contractor if bond had been given by him.

2. **Bridges ⊂⊃41(1)—Absence of guard or barrier held "defect" in drawbridge for which county liable.**

Where a drawbridge had a span in it, and when open, had no barrier or guard or effective means of giving notice of its open condition, this constituted a "defect" in such bridge within Code 1907, § 3038, and where county failed to take guaranty from contractor, county was liable for injuries proximately caused by such defect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Defect.]

3. **Bridges ⊂⊃41(1)—County not liable for injuries for negligent failure of employé to use barrier though no guaranty taken from builder.**

Where county failed to take a guaranty from contractor building drawbridge, thus rendering it liable under Code 1907, § 3038, for injuries resulting from defects in bridge, if it provided barrier or guard or effective means of giving notice when span of bridge was open, but employé negligently failed to place barrier in position when span was open, and person crossing bridge was injured as proximate result of such negligence, county would not be liable.

Appeal from Circuit Court, Tuscaloosa County; S. F. Hobbs, Judge.

Action for damages by Horace M. Phillips, as administrator of the estate of Harvey W. Phillips, deceased, against Tuscaloosa County, for alleged negligence in the maintenance of a river bridge resulting in the drowning of intestate. Following adverse rulings on pleading, plaintiff takes a nonsuit and appeals. Reversed, rendered, and remanded.

R. H. Wright, of Tuscaloosa, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

The county, having failed to take a guaranty bond from the contractor, is liable if intestate's death was proximately caused by a defect in the bridge. Code 1907, § 3038; Code 1923, § 6457. Failure to equip the drawbridge with barriers, etc., is a defect in the bridge. Stephani v. Manitowoc, 89 Wis. 467, 62 N. W. 176; Chicago v. Wright, 68 Ill. 586; Smith v. State, 151 App. Div. 810, 137 N. Y. S. 399; Chicago v. McDonald, 57 Ill. App. 250; Hogan v. Ky. Ry. Co. (Ky.) 21 S. W. 242; Comer v. Winston-Salem, 178 N. C. 383, 100 S. E. 619; Blakely v. Laurens County, 55 S. C. 422, 33 S. E. 503; Board, etc., v. Hough, 55 N. J. Law, 628, 28 A. 86; Caldwell-Watson F. & M. Co. v. Watson, 183 Ala. 326, 62 So. 859; Sloss Co. v. Dobbs, 187 Ala. 452, 65 So. 360; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

The liability of the county is purely statutory. The county is not liable for negligence of its employés. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Hamilton v. Jefferson County, 209 Ala. 517, 96 So. 628; Code 1907, § 3038; Daly v. New Haven, 69 Conn. 644, 38 A. 397. The counts do not show a defect in the bridge itself, but the allegations are tantamount only to negligence on the part of the employés in operating the draw. K. C. M. & B. v. Burton, 97 Ala. 240, 12 So. 88; Evans v. Sheboygan, 153 Wis. 287, 141 N. W. 265, 45 L. R. A. (N. S.) 98; Butterfield v. Boston, 148 Mass. 544, 20 N. E. 113, 2 L. R. A. 447; Sloss Co. v. Smith, 166 Ala. 437, 52 So. 38; Southern Ry. v. Shook, 150 Ala. 361, 43 So. 579; Southern Ry. v. Moore, 128 Ala. 434, 29 So. 659.

MILLER, J.   This is a suit by Horace M. Phillips, as administrator of the estate of Harvey W. Phillips, deceased, against Tuscaloosa county, to recover damages for the death of the decedent, occasioned by an alleged defect in a public drawbridge across the Warrior river on a public highway. There was a span in the bridge which turned so boats could pass. The span of the drawbridge was turned; the deceased traveling the road at night attempted to cross over the bridge and fell through the open span and was drowned.

There were three counts, numbered 5, 7, and 8, in the complaint as last presented to the court. Each count avers the foregoing facts, and alleges that this bridge had been erected by B. H. Hardaway and the Southern Bridge Company, by contracts with the county commissioners, without a guaranty, by bond or otherwise, with the contractors that it shall continue safe for the passage of travelers and other persons for a stipulated time; that decedent's death was proximately caused by a defect in such bridge, which defect consisted in this:

"The said bridge did not contain any barriers, guards or other effective means of giving notice or warning to persons undertaking to cross over said river on said bridge; that the said span of said bridge was turned, and there was therefore an opening in said bridge and likewise did not contain any barriers, guards, or other means of preventing travelers undertaking to cross said river on said bridge from being precipitated into said river, when said span was turned, and that said bridge was therefore defective, which defect in said bridge has existed and continued for many years, the exact time being unknown to plaintiff, and has during all of the said time continued unsafe for the passengers or travelers and other persons thereon. The defendant negligently permitted said defect to be and remain in said bridge during all of said time."

There are other averments in these counts, but the foregoing is typical of all of them, and all that is necessary to be herein stated.

The defendant demurred to each count on the ground "it affirmatively appears from the averments thereof that the plaintiff's intestate's death was not caused by any defect in said bridge within the meaning of section 3038, Code of Alabama, 1907." This demurrer of the defendant to every count of the complaint was sustained by the court. Plaintiff then asked for a nonsuit on account of these adverse rulings to him by the court on the entire complaint; the court by order granted the nonsuit, discharged the defendant, and taxed plaintiff with the court costs. This appeal is prosecuted by plaintiff from that judgment, and the rulings of the court sustaining this demurrer to the three counts of the complaint are the errors assigned.

Was the description of the defect, proximately causing the intestate's death, as hereinbefore copied from the counts, a defect in such bridge, or is the description, and allegations of it tantamount only to allegations of negligence on the part of the employés of the defendant operating the draw of the bridge in failing to put up barriers or guards or to use other means of avoiding the accident? If it was the former, a "defect in such bridge" under the statute (section 3038, Code 1907), the counts would

state a cause of action against the county; if it was the latter, negligence of the employés of defendant, the county (the defendant) would not be liable. "Counties are not liable for the neglect of their officers to perform a corporate duty, unless such right of action is given by statute." Hamilton v. Jefferson Co., 209 Ala. 517, 96 So. 628.

[1-3] This drawbridge was built by contractors at the expense of the county with no guaranty by bond or otherwise. The liability of the county under the statute (section 3038, Code 1907) when no guaranty was taken is the same in all respects as that of the contractor, the builder, if the bond had been given by him. Lee County v. Yarbrough, 85 Ala. 590, 5 So. 341. It was the duty of the contractor to erect the bridge so that it shall continue safe for the passage of travelers and other persons, both by day and night, for a stipulated time; and the contractor is liable under his bond for the injury of a person proximately caused by a defect in such bridge, which rendered it during that time unsafe for the passage of travelers and other persons.

The county failed to take a guaranty from the contractors, and if the bridge was so erected that it was not safe for the passage of travelers and other persons by day and night also, and plaintiff's intestate was injured and killed while attempting to cross it, as a proximate result of a defect in such bridge, then the county would be liable. Authorities, supra; section 3038, Code 1907.

It was the duty of the county to have this bridge so erected under this statute, that it should be safe for the passage of travelers and other persons by day or night, and if any person was injured in attempting to pass over it, as a proximate result of a defect in such bridge, the county would be liable in damages for such injury when it took no guaranty from the contractor. This was a drawbridge; had a span in it, which could be opened so boats could pass up and down the river. When the span was open, the bridge, without a barrier or without a guard or some other effective means of giving notice of its open condition, was not safe for the passage of travelers and other persons crossing it; this was a defect in this drawbridge. If the county provided no barrier, no guard, no other effective means of giving notice that the span was open, then this was a defect in the drawbridge, which made it unsafe for travelers and persons to pass over, which would render the county liable for injury to a person proximately caused by such defect. If the county provided for this drawbridge a barrier, guard or other effective means of giving notice that the span of the bridge was open, whether it was attached to or detached from the bridge, and the employé of the county in charge of the bridge negligently failed to place it in its proper position in the bridge at the proper time, when open, and a person crossing the bridge was, as a proximate result of this negligence, injured or killed, the county, under this statute (section 3038, Code 1907), would not be liable for the injury or death. Authorities, supra. A drawbridge with a span across a river is defective if it contains no barrier, guard or other effective means of preventing travelers in crossing from falling in, ready, attached to, or detached from the bridge, to be placed in its position when the bridge is turned in part and the span is open. Without it the bridge would not be safe, but dangerous for travelers or persons to cross or attempt to cross it at night when open. Without it the bridge would be incomplete, defective. It is a necessary part of a drawbridge, which at times has an open span in it, to render it safe for travelers or persons in attempting to cross it. This kind of a drawbridge to be complete, free from defects, should be so erected that it will be safe day or night, when the span is opened or closed for travelers or persons in crossing or attempting to cross it. Section 3038, Code 1907, and authorities, supra.

In Stephani v. City of Manitowoc, 89 Wis. 467, 62 N. W. 176:

"The city has provided no guards or barriers to prevent people from walking off the bridge, when the draw is open; nor has it provided lights to light the bridge in the nighttime. * * * Plaintiff's decedent, while passing over the bridge, on a dark night, without negligence on her part, fell into the river, through the open draw, and was drowned."

The court after stating the above facts, wrote:

"No doubt it was the duty of the defendant to make its drawbridge reasonably safe and sufficient for the safe passage of travelers upon it, both by day and in the nighttime. * * * If the want of such a barrier or light was a defect at all, it was a defect in the structure of the bridge itself."

It results that the trial court erred in sustaining the demurrers of defendant to each of the counts of the complaint, numbered 5, 7, and 8; they should have been overruled by the court to each of the counts. A judgment will be entered here to that effect, and the cause remanded and restored to the trial docket.

For the errors mentioned, the judgment is reversed.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.