# Lee County *v.* Yarbrough.

*Action against County, for Damages caused by Defective Bridge.*

1. *Liability of county for damages caused by defective bridge; stock running at large.*—The liability of a county for injuries caused by a defective public bridge is purely statutory, and arises from the failure to take a bond or guaranty from the contractor (Code, §1456); and the bond or guaranty of the contractor only requiring that the bridge shall continue safe "for the passage of travellers and other persons," not extending to injuries to stock running at large, the county is not liable for such injuries, although stock running at large are not trespassers.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by J. J. Yarbrough against Lee County, to recover damages for the loss of a horse, which had been killed by falling through a public bridge across Wacoochee Creek in the county; and was commenced on the 12th April, 1884. "The undisputed facts of the case," as agreed on, were thus stated: "Some years prior to the commencement of this suit, a bridge across Wacoochee Creek in said county, on the public road between Opelika and Columbus, about twelve or fifteen miles from Opelika, was built by the Commissioners Court of the county, by contract, but no bond was taken from the contractor. A short time before the injury complained of in this case, said bridge was condemned by said court; and one of the commissioners went to the bridge, by direction of the court, posted up a notice on a small sapling near the Opelika end of the bridge, that the bridge had been condemned by the court, and tore up the planks for eight or ten feet, commencing about ten or fifteen feet from the Opelika side; but he placed

VOL. LXXXV.

[Lee County v. Yarbrough.]

no obstacles at either end of the bridge, which was about sixty feet long. In order to ford the creek, it was necessary to turn to the side near the end of the bridge, go around some fifty feet, then down the stream under the bridge, and come out on the other side. Plaintiff had a horse worth $125, and stopped all night at a country house, between one and two miles from the bridge on the Columbus side. The horse was put into the lot, and the gate fastened; but he jumped out of the lot during the night, and attempted to make his way back to Opelika; and he was found next morning lying under the bridge, having fallen through the opening where the timbers had been torn up, so badly injured that it was necessary to kill him. Plaintiff's claim for the loss of his horse was presented to the Commissioners Court, in proper time and shape, and the court refused to allow it." These facts, as admitted and agreed on, were embodied in an amended complaint. The defendant demurred to the complaint as amended, on the ground that it showed no legal cause of action against the county. The court overruled the demurrer, and its judgment is now assigned as error.

JOHN M. CHILTON, for appellant, cited *Barbour County v. Brunson*, 36 Ala. 362; *Mitchell v. Tallapoosa County*, 30 Ala. 130; *Williams v. S. & N. R. R. Co.*, 65 Ala. 74.

R. B. BARNES, *contra*, cited 60 Ind. 581; 16 Iowa, 339; 40 Iowa, 295; 20 Md. 468; 20 N. H. 77; 36 Md. 229; *Schroeder v. Colbert*, 66 Ala. 137; *Wright v. Montgomery*, 72 Ala. 411; *Railroad Co. v. Gas Light Co.*, at present term; 32 Fed. Rep. 24; *Williams v. Railroad Co.*, 65 Ala. 74.

STONE, C. J.—It is not seriously controverted in this case, that if the horse had been driven or ridden when he fell through the bridge and was destroyed, the county would have been liable, The bridge had been built at county expense, and no guaranty had been exacted from the builder. Code of 1876, § 1692; Code of 1886, § 1456; *Barbour Co. v. Horn*, 41 Ala. 114; *Schroeder v. Colbert Co.*, 66 Ala. 137.

The excuses relied on in this case are—first, that the bridge had been somewhat dismantled, and that notice of its unsafe condition had been posted on a tree near one of its approaches. Without intending to reflect on any one, we think the plan adopted for giving warning was not the most effective that could have been taken. It would seem

[Lee County v. Yarbrough.]

that the approaches to the bridge should have been obstructed, or torn up, so that approach would have been barred by night, as well as warned off by day. To persons travelling by night, it would seem that the bridge might be classed as dangerous.

The second defensive excuse relied on is, that the horse had broken from his confinement, and was running at large, with no one to control or direct him. We have no general statute in Alabama, requiring cattle or dumb animals to be kept within an inclosure. We have local regulations of this kind, but they are by no means general. The general rule is to fence stock out, not in. And stock running at large are not so far trespassers, as to absolve the public from all responsibility for their abuse.—*S. & N. Ala. R. R. Co. v. Williams*, 65 Ala. 74.

The liability of counties, for injuries caused by defective public bridges, is purely statutory; for, in the absence of statute, there is no liability.—Code of 1886, § 1456, and citations; 4 Amer. & Eng. Encyc. of Law, 364; 2 Dil. Corp. §§ 728, 997; *Askew v. Hale County*, 54 Ala. 639; *Gilman v. Contra Costa Co.*, 68 Amer. Dec. 290, and *note; Hill v. Boston*, 122 Mass. 344; s. c., 23 Amer. Rep. 332; *Heacock v. Sherman*, 14 Wend. 58; *House v. Board of Comm'rs.*, 60 Ind. 580; *Brown v. Jefferson County*, 16 Iowa, 339; *Taylor v. Davis County*, 40 *Ib.* 295; *Holmes v. Hamburg*, 47 *Ib.* 340.

The statute under which this action can be maintained, if at all, is Code of 1886, § 1456. That statute requires, that bridges "erected by contract with the county commissioners . . shall continue safe for the passage of travellers and other persons." If the contractor has been required to give, and has given a guaranty, then an action for damages resulting from a defect in the bridge must be prosecuted against him, and upon his bond. If no guaranty bond has been given, then the liability rests on the county, and the suit is against it. The present case falls within the category last named.

It may be that no valid reason can be assigned for discriminating between loose stock going at large, and suffering an injury from a defective bridge, and a like injury to "travellers and other persons", to whom the bridge affords a "passage", and which the statute requires to be kept "safe." There is no provision, however, for the first, while the latter is expressly provided for. If, instead of a suit against the county, the present action had been against

the contractor on his guaranty bond that the bridge should "continue safe for the passage of travellers and other persons," it is manifest there could be no recovery. It is equally manifest, that there can be no recovery against the county; for its liability, when it exacts no guaranty of the contractor, is in all respects the same as the contractor's when he gives such guaranty.

This case was tried on an agreed state of facts, about which there was no dispute.

The judgment of the Circuit Court is reversed, and a judgment here rendered in favor of Lee county, the defendant. Let the appellee, Yarbrough, pay the costs of appeal, and the costs in the court below.

Reversed and rendered.