# Lunsford v. Butler, Admr'x.

*Action on Account.*

1. *Action on verified account; allegations of complaint* —In an action on a verified account, an allegation in the complaint that the account sued on "is verified by affidavit," is a substantial compliance with the requirement of section 2773 of the Code, that the fact of verification must be indorsed "on the summons and complaint, or other original process."

2. *Same; verified account admissible and competent evidence of its cor-*

[Lunsford v. Butler, Admr'x.]

*rectness.*—When a complaint alleges that the account sued on "is verified by affidavit," in the absence of an affidavit by defendant, denying the correctness of such account, such account is competent evidence of the correctness of the items contained therein.

3. *Same; when memorandum book admissible in evidence.*—In an action on a verified account, the memorandum book, in which were entered the items composing the account sued on, is *prima facie* admissible in evidence, when the evidence accompanying its introduction is that the entries in said book were made when the items transpired.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, as administratrix of the estate of Daniel Butler, deceased, against George Lunsford; and was commenced on September 2, 1892. The first count of the complaint was in the following language: "The plaintiff, as administratrix as aforesaid, claims of the defendant ninety-one & 62-100 Dollars, due from defendant by account, on, to-wit, the —— day of October, A. D., 1890, which account is verified by affidavit." The remaining counts were the common counts in assumpsit. Upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff offered in evidence the verified account sued on. The defendant objected to the said account being introduced in evidence, on the ground that there was no endorsement on the summons and complaint of the fact that the account was verified by affidavit, as required by section 2773 of the Code. The bill of exceptions recites: "The court, upon inspection of the complaint, said that, in the first count of the complaint, it was mentioned that the suit was on a verified account, and that as to that count of the complaint, the objection was overruled, but was sustained as to the other counts; and the said verified account was admitted as evidence of the correctness of the account. To this ruling of the court the defendant excepted."

The plaintiff, being examined as a witness, testified that she was the widow and administratrix of Daniel Butler, and that she had made the affidavit to the account sued on; that she knew her husband had done the work charged in the account, and that the account was contained in a memorandum book kept by her husband, and had been copied from that book; that she had

not seen her husband make the entries in this book, but knew they were in his hand-writing, and that she did not know the value of the items charged. The plaintiff here introduced the memorandum book, and particularly the page on which were the entries and items of the account sued on. The defendant objected to this book being introduced in evidence, and to the particular page referred to, because the book was mutilated, in that several leaves were torn out, as the book showed. The defendant exhibited the book to show this; but there was no proof tending to show that said book was torn after the entries were made. Upon this subject, Martin Butler, a son of Daniel Butler, deceased, testified, that his father made the items in the book at the time of the respective transactions to which they referred; that he saw his father make the entries as to the several items, "and that the work charged in the account was done in 1889." The account introduced in evidence had a statement as to some of the items, "Act. for 1890," and when Martin Butler's attention was called to this entry, he said that he did not know about that, but that the entries were made when the work was done. The court allowed the introduction of the book in evidence, and the defendant duly excepted. There was no other evidence as to the correctness of the account, except from the account itself, and that of the two witnesses above referred to. On the part of the defendant, the testimony tended to show that the plaintiff's intestate went into the possession of his, defendant's, property as his tenant, and under said contract of tenancy he was to do certain work, which was charged against the defendant in the account sued on; and that the defendant was not indebted to the plaintiff's intestate, but that he died being in debt to the defendant.

The cause was tried without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiff. The defendant now appeals and assigns as error the rulings of the court upon the evidence, and the judgment rendered.

WARD & JOHN, for appellant.—The verified account was not admissible in evidence.—*Gainer v. Pollock*, 96 Ala. 554.

No counsel marked as appearing for appellee.

[Smith v. Allen.]

McCLELLAN, J.—We are of opinion that the statement in the first count of the complaint, that the account therein sued upon "is verified by affidavit," is a substantial compliance with section 2773 of the Code in respect of the requirement that the fact of verification shall be indorsed "on the summons and complaint or other original process," and that the trial court properly admitted the account thus referred to in evidence under that count of the complaint. The defendant not having within the time allowed for pleading, or at all, filed in the cause an affidavit denying on information and belief, the correctness of this verified account, it was, on the trial, competent evidence of the correctness of the items set down in it. *Id.* There were some discrepancies in the testimony of Martin Butler to the effect that the plaintiff's intestate made the entries in the book at the time the work for which charges were made was performed; as, for instance, he said these entries ' were made in 1889, when most of the items entered are put down as constituting the account of 1890 ; but, notwithstanding these, his evidence was sufficient—being in terms that the entries were made when the items transpired—to render the book *prima facie* admissible in evidence. Considering the verified account and this book of original entries along with all other evidence adduced before the judge of the city court, the case being tried without jury, we reach the same conclusion as was reached below as to the fact and amount of defendant's indebtedness to the plaintiff; and the judgment of the city court is, therefore, affirmed.