(116 So. 119)

## BARBOUR COUNTY v. REEVES.
### (4 Div. 329.)

Supreme Court of Alabama. Jan. 19, 1928.

Rehearing Denied April 12, 1928.

1. **Bridges ⊜ 38—County which had contracted for old bridge held not liable for defects in new bridge merely because it was erected at same place (Code 1923, § 6457).**

Under Code 1923, § 6457, providing that county shall be liable for defects in bridges erected by contract with the county commissioners, county which had contracted for old bridge *held* not liable for damages to automobile caused by defects in new bridge, not erected under contract, merely because the new bridge was erected as part of highway at same place where the old bridge had been.

2. **Highways ⊜ 198—County is not liable for negligence in maintaining highway, in absence of statute declaring liability.**

County is not liable for damages resulting from the unskillful or negligent manner in which highway is constructed or maintained, in the absence of a statute expressly declaring such liability.

3. **Bridges ⊜ 38—Use in new bridge of mudsill of former bridge erected by independent contractor held not to preserve identity of former bridge sufficiently to make county liable for defects (Code 1923, § 6457).**

Use in new bridge erected by county of mudsill of former bridge which had been erected by an independent contractor under contract with the county *held* not to preserve identity of former bridge sufficient to make county liable for defects, under Code 1923, § 6457, providing that, when a bridge had been erected by contract, and no guaranty was taken or guaranty period had expired, county should be liable for damages resulting from defects.

4. **Bridges ⊜ 38—Under statute making county liable for defects in bridges, bridge must be public bridge constructed by independent contractor (Code 1923, § 6457).**

Under Code 1923, § 6457, providing that, when a bridge has been erected by contract with the county commissioners, and no guaranty has been taken, or the period of guaranty given has expired, county is liable for damages resulting from defects in the bridge, the bridge must be a public bridge constructed under contract with an independent contractor.

5. **Bridges ⊜ 38—Refusing instruction that, if bridge erected by independent contractor was washed away, and county erected new bridge, county was not liable for defect, held error (Code 1923, § 6457).**

Under Code 1923, § 6457, in action against county for damages to automobile caused by falling of bridge, refusing instruction that, if bridge erected under contract with independent contractor had been completely washed away, and bridge which fell had been erected by county, county was not liable, *held* error.

6. **Bridges ⊜ 38—Refusing instruction that, if defective bridge was erected by county, and not independent contractor, county was not liable for damage, held error (Code 1923, § 6457).**

Under Code 1923, § 6457, in action for damages to automobile caused by falling of bridge, refusing instruction that, if defective bridge had been erected by county, and not independent contractor, county was not liable for damage resulting from the defect, *held* error.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by McNab M. Reeves against Barbour County for damages to an automobile caused by the falling of a bridge. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The charges refused to defendant, and made the basis of assignments 21 and 25, are as follows:

"(21) The court charges the jury that, if the jury believe from the evidence that the contract bridge erected in the year 1884 by one Poston was completely washed away and that later the defendant county by and through its own agencies, and not by independent contract, constructed a new bridge entirely, which later bridge was the one the falling of which caused the alleged damage complained of, then and in such event the jury should not find a verdict in behalf of the plaintiff, but, on the contrary, should find a verdict in behalf of the defendant."

"(25) The court charges the jury that, if they believe from the evidence that in 1917 the bridge, the falling of which caused the alleged damage complained of, was constructed by employees of the county, and not by an independent contractor, in such event they must find a verdict for the defendant."

W. H. Merrill and McDowell & McDowell, all of Eufaula, for appellant.

There is no conflict in the evidence on the question of the construction of the bridge that fell by the county's forces, without a contract, and defendant was entitled to the affirmative charge. Code 1923, § 6457; Brown v. Shelby County, 204 Ala. 252, 85 So. 416. The liability of counties for injuries caused by defective bridges is purely statutory. Barbour County v. Horn, 48 Ala. 649; Barnett v. Costa Co., 67 Cal. 77, 7 P. 177; Lee County v. Yarbrough, 85 Ala. 590, 5 So. 341. Under the statute, the county is only liable for injuries occurring from an unsafe bridge when that bridge is one erected by contract; and, where the bridge causing the injury is one erected by the county, and not by independent contractor, the county is not liable. Covington County v. Kinney, 45 Ala. 176; Roberts v. Cleburne County, 116 Ala. 378, 22 So. 545; Barbour County v. Horn, 41 Ala. 114; Sims v. Butler County, 49 Ala. 110. The use of one mudsill out of the old bridge could not change the character of the 1917 bridge. Dennis v. Prather, 212 Ala. 449, 103 So. 59. Where a county bridge is destroyed by fire, flood, or other accident, a new bridge can only be erected under new authority. Riddle v. Delaware County, 3 Pa. Co. Ct. R. 598. There is a vital difference between a new bridge and a repaired bridge. Warren County v. Evans, 118 Ga. 200, 44 S. E. 986.

Chauncey Sparks, of Eufaula, for appellee.

The liability of a county for damages caused by a defective bridge, once established, continues so long as such bridge remains a part of an established public road. Such liability can only be escaped by discontinuance of the road, by changing or relocating it, or by bond with independent contractor. Greene County v. Eubanks, 80 Ala. 204. Public bridges are parts of public roads. Pickens County v. Greene County, 171 Ala. 377, 54 So. 998; Barbour County v. Horn, 48 Ala. 566. Liability of a county under a contract bridge is the same as that of a contractor when he gives a bond, and it is the county's duty to keep it in repair if no bond is taken or the period has expired. Lee County v. Yarbrough, 85 Ala. 590, 5 So. 341. The word "repair" is used in the ordinary sense, and imposes a duty to rebuild. 9 C. J. 459, 461; People v. Commissioners, 158 Ill. 197, 41 N. E. 1105; State v. Board, 80 Ind. 478, 41 Am. Rep. 821. The evidence shows the existence of a contract bridge in 1917, and plaintiff was entitled to recover in any event. Williams v. Colbert County, 81 Ala. 216, 1 So. 74; Jernigan v. State, 81 Ala. 58, 1 So. 72.

SAYRE, J. This appeal involves the construction of section 6457 of the Code as applied to the peculiar facts shown in evidence. Appellee claimed damages for that the Upper Barbour bridge, forming a part of a public road, having become defective through age and decay, fell under the weight of his automobile, causing the substantial destruction of the machine. A bridge across Barbour creek at the place in question had been built for the county in 1884 by a contractor, with a guaranty for three years. Excepting interruptions to be noted, the bridge, or a bridge at the same place, had been maintained by the road authorities of the county as a constituent part of the highway from that time down to the time of the accident in which appellee lost his automobile. On two previous occasions the bridge had been seriously damaged by floods, and in the summer of 1916 had been so completely destroyed that, when it was reconstructed in the spring of 1917, there remained fit for use, and was used, only one mudsill which had been embedded in the marl constituting the bed of the creek beneath the bridge.

Appellee would sustain the judgment on three considerations of law and fact, viz.: (1) That, when a bridge has been built by a contractor for the county, liability for the safe condition of any bridge at the same point remains with the county until the public road of which the bridge has become a part has been abandoned at that point as public road authorities may abandon roads; (2) that under the evidence it was open to the jury to find that the bridge here in question had been repaired merely, that its identity with the bridge erected in 1884 remained, and that under the statute (section 6457 of the Code) the county was liable; and, alternatively, (3) that the bridge of 1917 had been erected, not by the county, but by contract,

and so, without reference to other contentions, the county was liable under section 6457.

[1, 2] Considering these several contentions in the order of their statement, our opinion is that the statute should not be given the construction for which appellee contends. The statute (section 6457 of the Code) reads thus:

"6457. *Damages for Injury by Defect in Bridge or Causeway.*—When a bridge or causeway has been erected by contract with the county commissioners, with a guaranty by bond or otherwise, that it shall continue safe for the passage of travelers and other persons for a stipulated time, any person injured, in person or property, before the expiration of such period, by a defect in such bridge or causeway, may sue in his own name on the bond or other guaranty, and recover damages for the injury, and if no guaranty has been taken, or the period has expired, may sue and recover damages of the county."

The section means in our judgment that the county is liable, during the life of a contract bridge, if no guaranty has been taken or the period covered by the guaranty has expired. We do not construe the section as intending that, if a county enters into a contract for the construction of a public bridge, it thereby becomes liable in perpetuity for defects in any bridge that may thereafter be erected by the county at the same place, so long at least as successive bridges may serve as constituent parts of the highway at the same place. In Greene County v. Eubanks, 80 Ala. 204, it is said that:

"The liability of a county for damage, caused by a defect in a bridge erected by contract, commences on a failure to take a guaranty, or if taken, at the expiration of the time; and the length of time such liability shall continue is not fixed or limited by the statute. * * * It continues so long as such bridge is connected with, and constitutes a part of, an established public road."

The opinion in that case further holds that the county cannot be discharged from liability for defects in a contract bridge by devolving the duty to repair on the overseer of the road, and that, after successive repairs, the county will not be permitted to avoid liability by saying that, in repairing, a new bridge was virtually erected; but, as we read the case, its last proposition, stated above, was predicated upon the fact that all the county's dealings with the bridge then in question, originally erected by contract, recognized and treated it as the same bridge—meaning, as we understand the case, not a bridge merely at the same place and serving the same purpose, but that the physical identity of the original contract bridge had been preserved, though it had been repaired from time to time. The argument employed by the court, fairly construed, seems to concede that

217 ALA.—27

liability is limited to the life of the contract bridge, though repaired from time to time, and does not go to the point of holding that a county, by once contracting for a bridge, thereby for all time segregates every bridge at the same place from the highway in general as to which the rule is that the county authorities exercise a quasi legislative authority, and, in the absence of a statute expressly declaring liability, the county cannot be made answerable for damages resulting from the unskillful or negligent manner in which the highway is constructed or maintained. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Lee County v. Yarbrough, 85 Ala. 590, 5 So. 341; Barbour County v. Horn, 48 Ala. 649; Brown v. Shelby County, 204 Ala. 252, 85 So. 416. This, we think, is the proper construction of the opinion in the case of Greene County v. Eubanks, and, as so construed, we are in agreement.

[3] Nor do we agree with appellee's contention, stated in the second place above, that on the evidence as we have stated it the physical identity of the Upper Barbour bridge had been preserved from 1884 down to the time of appellee's loss in 1924. We have briefly stated the undisputed evidence bearing upon this point. The use in 1917 of one mudsill which remained over and fit for use from the structure of 1884 cannot suffice to preserve the physical identity of the two bridges. The bridge of 1884 had been substantially destroyed; it was, after the flood of 1916 and prior to the erection of the bridge in 1917, utterly incapable of use as a bridge; it was no bridge; it has now been replaced by a new bridge, and it would be a perversion of language to say in the face of the undisputed facts that the bridge of 1924 was, within the purview of the statute, the bridge of 1884 repaired.

[4] As for the third ground of appellee's theory of the county liability, appellant urges that there was no liability for the reason that the evidence showed without dispute that the bridge of 1917 was erected by the county, and not by an independent contractor. A bridge, to fall within the purview of the statute, must be a public bridge constructed under contract (Williams v. Stillwell, 88 Ala. 332, 6 So. 914) with an independent contractor (Brown v. Shelby County, supra). Appellant makes a strong case for his view of the evidence on this point; but we are unable to say upon the record that there was no scintilla of evidence to the effect that the bridge of 1917 was erected by a contractor. As to that, the record exhibits a case in a singular state of confusion. In view of the fact that, for reasons to be presently stated, the case must be returned to the circuit court for another trial, we have deemed it was improper to leave this branch of it with this statement.

[5, 6] Under the evidence and the law as we have stated it the charge made the sub-

ject of the twenty-first assignment of error should have been given on appellant's request. Appellee indulges some verbal criticism of the charge, but its meaning is entirely plain, and it should have been given. So of the charge set out in assignment 25. For these errors the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.