## HOVATER v. FRANKLIN COUNTY.
### (8 Div. 4.)

Supreme Court of Alabama. April 12, 1928.

1. **Automobiles ⊛⇒301(3)—Allegation, in action against county, that bridge off which plaintiff's intestate drove automobile was defective for want of railing, held sufficient (Code 1923, § 6457).**

Allegation, in action against county, that bridge off which plaintiff's intestate drove automobile was defective and unsafe for want of a railing, held sufficient under Code 1923, § 6457, since duty to maintain public bridge in safe condition for passage of vehicles may include duty to maintain guard rails alongside bridge.

2. **Negligence ⊛⇒117—Contributory negligence is defensive matter to be set up by special plea.**

Complaint, in action against county, alleging that plaintiff's intestate drove automobile off bridge because there was no railing, need not negative contributory negligence, since this is defensive matter to be set up by special plea.

3. **Bridges ⊛⇒44(1)—Ordinary care in driving over bridge under conditions apparent at time is measure of driver's duty.**

Ordinary care in driving over a bridge under conditions apparent at time is measure of driver's duty.

4. **Automobiles ⊛⇒301(3)—Averment that decedent, driving automobile off bridge, died as proximate result of accident and of defective condition of bridge having no railing, held sufficient to show causal connection.**

In action against county for damages for death of motorist driving off bridge having no railing, averment that decedent died "as proximate result of said injury and of said accident, and of said defective condition of said bridge," held sufficient to show causal connection between absence of railing and motorist's death.

5. **Evidence ⊛⇒83(1)—Law does not presume failure of duty on part of public officials.**

Law, in absence of averment, does not presume failure of duty on part of public officials.

6. **Automobiles ⊛⇒301(3)—Complaint alleging plaintiff's intestate drove off bridge because railing was down, not charging negligence of county officials, held insufficient.**

Complaint alleging that defendant county suffered and allowed bridge to be in unsafe, unsound, and defective condition, in that railing alongside of bridge was down, and that plaintiff's intestate drove off bridge because of defective condition of same, but not alleging negligence of county officials or its equivalent, held subject to demurrer.

7. **Bridges ⊛⇒37—County is not liable for defects in bridge not due to want of diligence (Code 1923, § 6457).**

Under Code 1923, § 6457, county is not liable for defects in bridge not due to any want of reasonable diligence which prudent men would exercise under like conditions.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action for damages by W. C. Hovater, as administrator of the estate of Pearl Hovater, deceased, against Franklin County. Plaintiff takes a nonsuit and appeals from adverse ruling on pleading in sustaining a demurrer to the complaint. Affirmed.

The ninth ground of the demurrer to the complaint is as follows:

"It is not alleged the county or its officers had notice or knowledge of the alleged defects, or that same had existed for such time that they were chargeable with such notice or knowledge."

J. Foy Guin, of Russellville, for appellant.

When the commissioners fail to take a builder's bond at the time of the erection of a bridge, the county stands in the position of an insurer of the continued safety of said bridge. Code 1923, § 6457; Lee County v. Yarbrough, 85 Ala. 590, 5 So. 341; Phillips v. Tuscaloosa County, 212 Ala. 357, 102 So. 720; Greene County v. Eubanks, 80 Ala. 204; Meriwether v. Lowndes County, 89 Ala. 362,

---

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7 So. 198; Barks v. Jefferson County, 119 Ala. 600, 24 So. 505. Failure to erect or maintain guard rails on a bridge is negligence. 9 C. J. 477; Barbour County v. Horn, 48 Ala. 649; Thrasher v. Postel, 79 Wis. 503, 48 N. W. 600. The question whether the negligence complained of was the proximate cause of the injury was one for the jury, not one of law for the court. Weeks v. Conn. & R. I. Co., 20 Conn. 134. The complaint sufficiently alleged negligence. Pace v. Louisville & N. R. Co., 166 Ala. 519, 52 So. 52; Jackson Lbr. Co. v. Cunningham, 141 Ala. 206, 37 So. 445; Evans v. So. R. Co., 133 Ala. 482, 32 So. 138.

Williams & Chenault, of Russellville, for appellee.

Brief did not reach the Reporter.

BOULDIN, J. The action is for wrongful act, omission, or negligence causing death, brought under the Homicide Act, Code, § 5696. Demurrer to the complaint was sustained. Plaintiff took a nonsuit and appeals.

The complaint alleges that a bridge was erected across Bear creek on a public highway in 1908 under contract with the county; that no bond or guaranty was given by the builder, an independent contractor, and proceeds:

"That prior to and on, to wit, the 16th day of July, 1926, the defendant county suffered and allowed the said bridge to be in an unsafe, unsound and defective condition, in this: The railing along the side of the said bridge was down.

"Plaintiff alleges that on, to wit, said 16th day of July, 1926, while his intestate was attempting to cross said bridge in an automobile, that by reason of said defective condition of the same, the said automobile was caused to run, and did run, off the said bridge, thereby injuring plaintiff's intestate to such an extent that she shortly thereafter died, as a proximate result of said injury, and of said accident, and of said defective condition of said bridge."

The complaint brings the bridge in question within the terms of Code, § 6457. Does the complaint make a case of statutory liability as against the demurrers assigned?

[1] The duty to maintain a public bridge in safe condition for the passage of vehicles may include the duty to maintain guard rails alongside the bridge. The height, width, length, manner of approach, and conditions of travel would enter into the question of reasonable safety in the particular case. As a rule, where there is need for a bridge, such safeguards should be provided. A small bridge extending in width well out beyond the traveled portion of the highway might not be deemed unsafe without them.

The allegation that the bridge in question was defective and unsafe for want of a railing was sufficient in that regard. Barbour Co. v. Horn, 48 Ala. 649, par. 5, page 656, op. page 663; 9 C. J. p. 477.

[2] One ground of demurrer goes to the failure of the complaint to negative contributory negligence. This is defensive matter to be set up by special plea. This is too well settled to need comment.

[3, 4] Other grounds proceed on the idea that the complaint affirmatively shows contributory negligence; that the absence of a railing could not be the proximate cause of a car running off the bridge without actual negligence of the driver. Such is not the law. Ordinary care in driving over a bridge under conditions apparent at the time is the measure of the driver's duty. If the condition of the bridge is such that in the exercise of such care an accident could not happen, then the bridge could not be said to be unsafe. Such reasoning is equivalent to a denial of any duty to maintain guard rails.

The averment that decedent died "as a proximate result of said injury, and of said accident, and of said defective condition of said bridge," is sufficient to show causal connection. While perhaps not the best form of expression, it is apparent the phrases used conjunctively are intended to show a chain of direct causation. But this complaint merely alleges, "the railing along the side of said bridge was down" on and prior to the date of the injury. How long it was down, how it came to be down, that it was down because of failure to properly repair, that the responsible authorities knew it was down, or by the exercise of due diligence would have known and remedied such defect, does not appear.

The rule is now well settled that where the complaint states facts from which the duty of care arises, a general averment of negligence is sufficient. But this complaint nowhere alleges negligence on the part of the defendant or its officials. A complaint may state facts from which negligence appears as a necessary concomitant. Such complaint to be good must at least exclude the probability that the injury resulted from other than negligence, want of the degree of care imposed by law in the circumstances. This complaint does not meet that test. Construed against the pleader, it shows a railing was maintained, but was down for some undisclosed cause at the time, and for ever so short a time prior thereto.

[5, 6] The law, in the absence of averment, does not presume a failure of duty on the part of public officials. The complaint should show it was down or had not been remedied by reason of negligence. Ground of demurrer No. 9 was good.

Appellant seems to proceed on the theory that the duty to maintain bridges in a safe condition is absolute under our statute; that in effect the county is an insurer, is liable in all events if the bridge is unsafe. Lee County v. Yarbrough, 85 Ala. 590, 5 So. 341, is relied upon as authority for this conten-

tion. The general statement is there made that the liability of the county when no guaranty is taken "is in all respects the same as the contractor's when he gives such guaranty." In that case the bridge had been condemned and part of the flooring torn up. A loose horse passing that way fell through it. The county was declared not liable because the statute merely required that the bridge should "continue safe for the passage of travelers and other persons." It did not deal with the idea of an insurer as applied to the guarantor or the county.

The case of Meriwether v. Lowndes County, 89 Ala. 362, 7 So. 198, involved the obligation of the guarantor to rebuild a bridge washed away by an unprecedented flood. It was declared that the statutory covenant bound the guarantor. The general principle was announced that the act of God will excuse the nonperformance of a duty created by law, but not a duty created by contract. The duty of the county is one created by law.

In the late case of Barbour County v. Reeves, 116 So. 119,[1] we considered the duration of the county's liability, and held it continues only during the life of the bridge. So, if a bridge is washed away, and the county builds another under its own superintendence without a contractor, the statutory liability does not attach as to the new bridge.

These cases illustrate the difference between the contractual obligation of the guarantor and the legal duty imposed upon the county.

The case of Phillips v. Tuscaloosa County, 212 Ala. 357, 102 So. 720, involved an injury by falling through an open draw. The drawbridge had been constructed and maintained without guards or barriers to prevent persons falling into the opening. The gravamen of the complaint in that case was negligence.

[7] None of our cases make the county an insurer throughout the life of the bridge. Negligence is averred and made the basis of recovery in our cases so far as noted. In this regard the liability is substantially the same as that of cities in the maintenance of streets. As for defects not due to any want of diligence, the reasonable diligence which prudent men exercise under like conditions, we hold the county is not liable. This would not excuse the county for accepting a defective bridge, negligently allowing it to rot and decay, or failure to remedy defects, however caused, within a reasonable time.

The complaint should charge negligence or its equivalent. There was no error in sustaining the demurrer upon the ninth assignment. Lord v. City of Mobile, 113 Ala. 362, 21 So. 366.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.