(117 So. 621)

MARSHALL COUNTY v. CLEVELAND.
(8 Div. 965.)

Supreme Court of Alabama.    June 28, 1928.

J. A. Lusk, of Guntersville, for appellant.

Thos. E. Orr, of Albertville, and John W. Brown, of Boaz, for appellee.

BROWN, J. The appellant complains of several rulings on the pleadings and the admission of evidence, but the view we take of the case renders a consideration of these several rulings unnecessary.

The case was submitted to the jury under the evidence offered by the plaintiff, the defendant introducing no evidence.

It is settled by the decisions of this court that to bring a case within the influence of section 6457 of the Code, imposing liability on a county for damages caused by a defect in a bridge or causeway, the bridge or causeway must have been constructed by an independent contractor under a contract made with the county through its governing body. Barbour County v. Reeves, 217 Ala. 415, 116 So. 119; Brown v. Shelby County, 204 Ala. 252, 85 So. 416.

On this point the evidence offered by the plaintiff shows no more than this: That the court of county commissioners, by an order entered on the minutes of the court (when the order was made does not appear), to the effect that "the commissioners are hereby authorized and directed to look after the following roads and bridges in their respective districts: Fill at Miller bridge known as Patton Bridge," and on February 14, 1916, it was ordered by the court that "James Campbell be instructed to look after the bridge across Mud creek." That said Campbell, who was one of the county commissioners, employed Steve Miller to build the bridge in question, Campbell furnishing the material, except a few hewed pines. The county paid Miller $100 for the work on the bridge in question and $5.95 for the hewn timbers, in accordance with itemized statement filed, audited, and allowed by the court of county commissioners. The evidence shows that at this time Miller was "doing a good deal of work for them" (the commissioners), and built "several bridges for them." That there were two Mud creeks in the county, one known as "Little Mud" and the other as "Big Mud"; that each of said creeks had two or three bridges spanning them, and on November 1, 1916, Miller claimed $220 for "building bridge over Mud creek and material," which was allowed by the court of county commissioners.

We are of opinion that this evidence falls far short of showing that the bridge at which the plaintiff received his injuries was built by Miller as an independent contractor, but, to the contrary, it shows that the bridge was built under the supervision of the court of county commissioners, or one of the commissioners, and that Miller was a mere employee of the county and paid for his labor.

Under this view the court erred in refusing the affirmative charge requested by the defendant.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.