(128 So. 144) ·

### WALKER COUNTY v. DAVIS.

#### 6 Div. 510.

Supreme Court of Alabama.

March 27, 1930.

Rehearing Denied May 15, 1930.

Sowell & Gunn and R. A. Cooner, all of Jasper, for appellant.

Davis & Curtis, of Jasper, for appellee.

FOSTER, J.

This action is for personal injuries sustained by plaintiff while driving a team of mules with loaded wagon over a bridge constructed by the county by contract without requiring a bond under the provisions of section 6457, Code. The liability of a county under such statute is now well understood. Marshall County v. Cleveland, 218 Ala. 104, 117 So. 621; Barbour County v. Reeves, 217 Ala. 415, 116 So. 119; Hovater v. Franklin County, 217 Ala. 439, 116 So. 526; Brown v. Shelby County, 204 Ala. 252, 85 So. 416.

The first count was the only one submitted to the jury. Its averments met the requirements of the statute and decisions just noted. It was also necessary to show a compliance with sections 225 and 5680, Code. In this connection this count alleges that plaintiff "filed an itemized, verified claim setting forth his said damages to the court of county commissioners, etc.," and that it was "sworn to." It is claimed by appellant that such is not a sufficient allegation of compliance with section 225, because it is not alleged that the verification was by plaintiff "or some person in his behalf having personal knowledge." We think the averment of count 1 is sufficient. We have an analogy in the construction of section 7666, Code, respecting the verification of an account by "a competent witness." An allegation that the account "is verified by affidavit"

has been held to be sufficient to satisfy the statute. Lunsford v. Butler, 102 Ala. 403, 15 So. 239; Sullivan Timber Co. v. Brushagel, 111 Ala. 114, 20 So. 498.

It is also insisted that count 1 does not sufficiently allege that the county had the required notice of the defect in the bridge. But it states that defendant negligently failed to keep said bridge in a reasonably safe or reasonably proper condition for the public to pass over the same. Such allegations have been held to be sufficient in respect to notice. An allegation of negligence in this connection implies notice, when the duty is fixed by law. Birmingham v. Shirley, 209 Ala. 305, 96 So. 214; City of Birmingham v. Scott, 217 Ala. 615, 117 So. 65; Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; Birmingham v. Poole, 169 Ala. 177, 52 So. 937; Ensley v. Smith, 165 Ala. 387, 51 So. 343; City of Anniston v. Ivey, 151 Ala. 392, 44 So. 48; Lord v. Mobile, 113 Ala. 361, 21 So. 366.

The count is therefore not subject to demurrer on this ground, though we should agree with appellant's argument as to the insufficiency of the allegation of notice. But we do not find it necessary to consider this question.

There were several pleas of contributory negligence. It may be well here to refer to certain well-established principles which apply to travelers along streets and highways in respect to their negligence contributing to their injuries, when such streets are defective. Generally, persons traveling along those portions of the street which are appropriated for that nature of use may assume that they are reasonably safe for travel, and are not required to watch out for defects. Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; Vance v. Morgan, 198 Ala. 149, 73 So. 406; Montgomery v. Ross, 195 Ala. 362, 70 So. 684. There is therefore no duty to observe care in respect to defects until there is notice of the defect express or implied. In this respect there is a difference between the negligence of the county in the upkeep of the bridge and the negligence of plaintiff to use due care to avoid injury. The law fixes the duty on the county not to be negligent in respect to the condition of the bridge, whereas in the latter case there is no such duty without notice. This distinction was pointed out in the cases of So. Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Am. Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507. Therefore the complaint need not allege notice to the county of the defect to justify an allegation of negligence, whereas such notice must be alleged to support a plea of contributory negligence. The pleas therefore which alleged contributory negligence in not discovering the defect, though the same was open and obvious, were not suf-

ficient, in that they failed to allege either notice of the presence of the defect or notice of facts sufficient to put a man of ordinary care on the lookout. Montgomery v. Ross, supra.

But if the plaintiff saw the obstruction or had notice of its presence or knowledge of such facts as were calculated to put a man of ordinary and reasonable capacity on the lookout or inquiry, and under these circumstances failed to exercise ordinary care, he would have been guilty of contributory negligence. Mayor, etc., of Birmingham v. Tayloe, 105 Ala. 170, 16 So. 576; Montgomery v. Ross, supra.

It is often said that from the fact that plaintiff had knowledge of the physical condition, it does not necessarily follow that he appreciated the danger, and that there must either be an appreciation of the danger, or an opportunity to do so and negligence in that respect. 20 R. C. L. 110, 111. It is sometimes said that the appreciation of the danger may be actual or imputed. 45 C. J. 946. And the negligence may consist in the failure to appreciate the danger when there is opportunity and knowledge sufficient to stimulate reasonable care in that respect. Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; 45 C. J. 947. Mere knowledge of the defect is not sufficient as a matter of law. There must also be the element of want of due care. 20 R. C. L. 111; Birmingham v. Gordon, 167 Ala. 334, 52 So. 430; Montgomery v. Ross, supra.

The decisions of this court have not required an allegation of appreciation of the danger in pleading contributory negligence when there is an allegation of notice of the defect, accompanied with an allegation of negligence in respect to the failure to avoid injury. Tayloe's Case, supra; Birmingham v. Starr, 112 Ala. 98, 20 So. 424; Mobile v. Shaw, 149 Ala. 599, 43 So. 94. The court, in Walker v. John Smith, 199 Ala. 514, 74 So. 451, held all pleas good, though some did not contain a statement of appreciation of the danger, whereas some did. While there must be an appreciation of the danger or negligence in not doing so after notice of the defect, it seems not to be essential in pleading contributory negligence to allege an appreciation of the danger when there is alleged notice of the defect, with sufficient allegation of negligence of plaintiff in respect to it, proximately contributing to his injury. Such allegations are sufficient to present the issue of appreciation of the danger or negligence in not doing so. Mayor, etc., of Birmingham v. Tayloe, supra; Montgomery v. Ross, supra; Birmingham v. Starr, 112 Ala. 98, 20 So. 424; Vance v. Morgan, supra; Birmingham v. Gordon, supra; 29 C. J. 700 et seq.

Plea 2 alleges that the defect was known to plaintiff, and with such knowledge he negligently undertook to drive his team over the bridge where the defect was. The court sustained demurrer to this plea because it did not allege that plaintiff appreciated the danger of attempting to do so. Whereupon an amendment was made adding such allegations. Our judgment is that this amendment added to defendant a burden not imposed by the plea as originally filed, and not required to make plea 2 a good defense. It follows that there was prejudicial error in the ruling of the court on this plea.

The pleas which did not allege notice of the defect were not sufficient under our decisions.

Pleas 7, 8, and 10 alleged that with knowledge of the defect, plaintiff voluntarily chose to attempt to drive over the portion where the defect was, when there was an open and safe way on a different portion of the bridge, known to plaintiff. Walker v. John Smith, supra. The court sustained demurrer and required an amendment substituting "negligently" for "voluntarily." It was pointed out in the case of Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422, that when the route selected was that ordinarily traveled with safety by persons traveling as he was, it was not negligence prima facie to select it. Neither is it negligence as a matter of law voluntarily to select the route which is not the safest. It is, after all, a question of ordinary care, having regard to all the circumstances. One is not negligent in pursuing a course of conduct that an ordinarily prudent person would do under similar circumstances, although there was open to him a safer course. 45 C. J. 962; 20 R. C. L. 120. The selection of the course which is not the safer one is only wrongful when a prudent person would not have done so. Therefore it does not follow as a legal conclusion that the selection of such course was wrongful, though voluntary, unless it was also negligent or contrary to the conduct of a reasonably prudent man. Negligence is the gist of the inquiry. 29 C. J. 702. There was no reversible error in requiring a statement in pleas 7, 8, and 10 that such conduct was negligent.

Refused charges 8 and 9 predicate a sufficient defense upon driving mules near the hole in the bridge with knowledge of its existence. Whereas, charges 5 and 6 given to the jury, and the general oral charge, require that the conduct of plaintiff in so driving must have been negligent to justify a verdict for defendant on that account. This was pursuant to our understanding of the principles which apply to such situation, as we have stated them.

Charge 11 invades the province of the jury. Charge 12 was covered by given charge 4.

■ Charges 13 and 14 would prohibit a recovery (13) for loss of wages, (14) for loss of time. Plaintiff was a farmer, and made a crop that year, and was on his way to the gin with cotton when injured. He had worked in his farm most of the year. He was injured on October 6th. He testified that he had tried to work since the injury, but could not do any work much since then. The doctors testified that he is permanently injured. There was nothing in the evidence to show whether or to what extent his lost time has occasioned substantial financial loss. To justify the recovery of a substantial sum for lost time there must be evidence from which an amount may be ascertained upon some reasonable basis. The evidence in this case furnishes no such standard. Montgomery & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 So. 363; B. R. L. & P. Co. v. Simpson, 190 Ala. 138, 67 So. 385; Gray v. Cooper, 216 Ala. 684, 114 So. 139; Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276.

■■ In the cases of M. & E. Ry. Co. v. Mallette, supra, and B. R. L. & P. Co. v. Simpson, supra, the court charged the jury that under such circumstances damages were recoverable. This is understood to be substantial damages. The charge was held to be error. In Gray v. Cooper, supra, it was said to be error to refuse a charge to defendant that under such circumstances only nominal damages could be recovered. In the case of Mackintosh Co. v. Wells, supra, a charge similar to that we are now considering was refused. The court held that because plaintiff showed definitely what his salary was, and the amount of lost time, but did not show that his wages were not paid during the time, it required a remittitur. It correctly concluded that the greatest injury to appellant which could have occurred in this connection was to assume that the jury included in their verdict the full amount of plaintiff's salary for the lost time; whereas plaintiff, under the evidence, could not recover more than nominal damages. Plaintiff was therefore allowed to remit the full amount which could have been included in the verdict on this account. Upon the assumption that such full amount was included in the verdict, there was to that extent substantial injury in the refusal of the charge. But in the instant case there is no evidence which would justify the conclusion that any substantial amount for lost time may have been included in the verdict. We have no right therefore to conclude that anything more than nominal damages were so included. The refused charges 13 and 14 would exclude a recovery of nominal damages for such lost time. When on a certain aspect of the case nominal damages, but no more, may be recovered, the proper form of a charge in respect to such aspect is to limit the amount of the damages to a nominal sum. B. R. L. & P. Co. v. Colbert, 190 Ala. 229, 67 So. 513; B. R. L. & P. Co. v. Friedman, 187 Ala. 562, 65 So. 939; S. S. S. & I. Co. v. Stewart, 172 Ala. 516, 55 So. 785; Ala. Fuel & Iron Co. v. Ward, 194 Ala. 242, 69 So. 621.

■ While in later cases the court made a limitation upon the rule stated in these just cited, by which nominal damages are not now the limit of recovery for *impaired earning capacity* as it is for *lost time*, when the evidence does not furnish data by which to measure accurately the amount of the loss, the authority of those cases to the effect that when damages may be recovered upon the pleading and proof, but the evidence is not sufficient to furnish a proper basis for a substantial amount, nominal damages may be recovered. As to impaired earning capacity, like mental and physical pain, mutilation, disfigurement, or loss of an organ, it is shown to be difficult to furnish a standard for measurement, and the amount is to be fixed by the jury in their fair and enlightened discretion. Birmingham Elec. Co. v. Cleveland, 216 Ala. 455, 113 So. 403; Gray v. Cooper, 216 Ala. 684, 114 So. 139; Mackintosh Co. v. Wells, supra.

■ The right to recover nominal damages when no substantial amount is shown, but when there is a right of recovery claimed and proven, is generally observed in various forms of action. Treadwell v. Tillis, 108 Ala. 262, 18 So. 886; Gooden v. Moses, 99 Ala. 230, 13 So. 765; Drum v. Harrison, 83 Ala. 384, 3 So. 715; Stein v. Burden, 24 Ala. 130, 60 Am. Dec. 453; Stewart Bros. v. Harris, Cortner & Co., 6 Ala. App. 518, 60 So. 445; Vinson v. So. Bell Tel. Co., 188 Ala. 292, 66 So. 100, L. R. A. 1915C, 450; L. & N. R. Co. v. Laney, 14 Ala. App. 287, 69 So. 993; Foust v. Kinney, 202 Ala. 392, 80 So. 474; Womack v. McDonald, 219 Ala. 75, 121 So. 57.

Under such circumstances, it is therefore without prejudicial error to refuse a charge that would prohibit the recovery of nominal damages, when they may be recovered under the pleading and evidence. Charges 13 and 14 were refused without prejudicial error upon the basis of this reasoning.

Charge 15 was properly refused, for that it cannot be said that there was no tendency of the evidence to show a dislocation of the kidney.

We have considered all the assignments of error argued by counsel for appellant, but we do not deem it necessary separately to treat those not herein discussed. On account of the error in the ruling on plea 2, the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.