169 So. 227

### WALKER COUNTY v. BURDESHAW.

6 Div. 983.

Supreme Court of Alabama.

June 25, 1936.

R. A. Cooner, of Jasper, for appellant.

Pennington & Tweedy and J. J. Curtis, all of Jasper, for appellee.

GARDNER, Justice.

Over Lost creek, in Walker county, along the public highway, is a one-way bridge, more than 20 feet in height and of considerable length, with banisters or railings on the side, maintained by the county as a part of the public highway for more than 40 years. Hovater v. Franklin County, 217 Ala. 439, 116 So. 526. For a space of 12 feet or more on one side these banister rails were down, and had been so for some time, when plaintiff, driving his team (a mule and wagon) across the bridge fell through this opening to the ground below, and for injuries to himself and mule received a judgment against the county, from which this appeal is prosecuted.

The complaint in all material respects followed that considered in Walker County v. Davis, 221 Ala. 195, 128 So. 144, and was sufficient. Section 6457, Code 1923.

There was evidence tending to show actual notice of the defect in the bridge to the county authorities, and that upon the merits a case of actionable negligence was established does not appear to be seriously questioned.

The defense in large part rested upon the difficulty confronting plaintiff in the proof as to the bridge having been constructed by an independent contractor within the in-fluence of the above-noted Code section, defendant insisting that because there were offered no records of the commissioners' court, or that there existed a record as to the erection of this bridge (citing Mobile County v. Maddox, 195 Ala. 336, 337, 70 So. 259; Crenshaw County v. Sikes, 113 Ala. 626, 21 So. 135), plaintiff could not make out his case.

The duty to record the proceedings of the commissioners' court is placed by statute upon the judge of probate, section 6763, Code 1923, and presumably he did so in the performance of this duty. 12 Alabama and Southern Digest, ☞83; First National Bank v. Terry, Briggs & Co., 203 Ala. 401, 83 So. 170.

The bridge in question was constructed in 1894, and it appears without dispute that the commissioners' court records for that period, that is from 1889 to 1899, cannot be located after diligent search, due doubtless to destruction of the courthouse by fire in 1932, and the consequent removal of records for temporary purposes. But the loss or destruction of these records established, justified plaintiff in making out his case by secondary proof thereof. Brown v. Shelby County, 204 Ala. 252, 85 So. 416, 417; Ingram v. Evans, 227 Ala. 14, 148 So. 593; Williams v. Colbert County, 81 Ala. 216, 1 So. 74.

Presumably the records were properly kept. Their loss is shown, and plaintiff was properly permitted to prove the construction of the bridge by parol evidence of those who yet survived and participated in its erection. Authorities supra. The proof was sufficient to justify a reasonable inference that the bridge was constructed under a contract with the county commissioners by an independent contractor.

Whether a guaranty bond was given, the proof is silent, as evidently that was a matter peculiarly within defendant's knowledge, and a matter concerning which defendant was at liberty to require or not, as it saw fit. Section 6457, Code. And, in the construction of this statute, the court in Shannon v. Jefferson County, 125 Ala. 384, 27 So. 977, held that by its terms the rule of county liability was the general rule, and its exemption from such liability by reason of an effective bond is the exception. It follows, therefore, that by the proof offered as to the defective condition of the bridge built

by an independent contractor, as above indicated, and injury as a proximate result, plaintiff made out a prima facie case of liability against the county, for, as observed in the Shannon Case, supra, such liability is the general rule, and the question of guaranty bond being the exception to the rule, is a matter to be brought forward by the county. And, in the absence of any such suggestion, it may be properly ignored.

The numerous assignments of error relating to rulings on evidence, as herein indicated, were free from error.

■ The fact that plaintiff's mule, in his possession, was under mortgage, presented no obstacle in the way of recovery for his injuries. Lowery v. Louisville & Nashville R. R. Co., 228 Ala. 137, 153 So. 467.

■ Plaintiff's claim duly filed with the commissioners' court was sufficiently itemized to meet all substantial requirements of our statute. Section 5680, Code 1923; Perrine v. Southern Bitulithic Co., 190 Ala. 96, 66 So. 705; 6 McQuillen on Municipal Corporations (2d Ed.) pp. 459 et seq. Plaintiff offered the original itemized claim in evidence with indorsement of its refusal thereon, duly signed by the chairman of the board of revenue. A certified copy thereof would have been admissible under section 7681, Code, and we see no objection to the use of the original, if available to plaintiff, and properly identified as such. Moreover, the objection on the ground that the original and not the record was offered, and on any ground of variance, came after the conclusion of all the evidence and the greater part of the argument, and was too late, so far as any legal right to interpose the same at that time is concerned. Kansas City, M. & B. R. Co. v. Phillips, 98 Ala. 159, 13 So. 65; Layton v. Hamilton, 214 Ala. 329, 107 So. 830, 832.

■ Nor was the verification of the statement invalidated by its mere failure to have the title "notary public" underneath the signature of the notary. Sellers v. State, 162 Ala. 35, 50 So. 340.

As to defendant's refused charges, we think a general treatment will suffice to the effect they were either subject to criticism and properly refused, or were embraced in substance in the oral charge of the court and charges given for defendant. And we may add that what has been said sufficiently discloses our view that the affirmative charge for defendant was correctly refused.

■ Refused charge 6, limiting recovery for loss of time to nominal damages, is argued in bulk with other assignments, varied and wholly unrelated thereto, and comes within the rule that if any one assignment was without merit, a consideration of the others may be pretermitted. Wells Co. v. Lane, 217 Ala. 10, 115 So. 77. Some of the other charges in this group were so manifestly properly refused that we consider detail reference unnecessary.

Upon consideration of the argued assignments of error, we find no error to reverse, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., BOULDIN and FOSTER, JJ., concur.