BEATTY, Justice.
The defendant, Eternal Rest Cemetery Corporation, appeals from a judgment in favor of the plaintiffs based upon a jury verdict awarding compensatory and punitive damages and from the denial of its motion for a new trial. We reverse and remand.
Following the death of their son the plaintiffs purchased a cemetery lot from the defendant. Interment occurred several days later. A stone marker was ordered for the site. When it arrived approximately one year later the defendant’s manager learned that a mistake had been made in the interment, the result being that the decedent had been buried in the wrong location. The manager had the remains relocated to the correct plot. Subsequently the plaintiffs learned of the relocation and brought this action. The complaint alleged a wanton trespass proximately resulting in loss of sleep, loss of weight, physical and nervous distress, and great mental anguish. Compensatory and punitive damages were demanded. Thereafter the plaintiffs sought, and the trial court granted, a disinterment of the body. Thereafter the complaint. was amended to add the following allegation:
6. As a further proximate result of said trespass, the top of the vault containing the body of the deceased was cracked, allowing water to enter the vault. Further, the marker ordered by the plaintiffs for the grave of their deceased son was placed on the grave in such a manner that the head of the marker was at the foot of the body.
*1115 At the conclusion of the trial the case was submitted to the jury which awarded the plaintiffs $15,000.00 compensatory and $5,000.00 punitive damages. The defendant’s motion for a new trial was denied.
The defendant has presented several issues for our review, the first of which deals with lost earnings as an element of the damages. The issue is highlighted by the trial court’s oral instruction to the jury, viz:
Now, the law says also — there is some evidence as to loss of earnings in this case. The law says this as to determining the amount of damages for loss of earnings, you should consider any evidence of the plaintiff’s earning capacity, his earning, the manner in which he ordinarily occupied his time before the injury, his inability to pursue his occupation, and determine what he was reasonably certain to have earned during the time so lost had he not been disabled, (emphasis added)
The defendant objected to this charge on the ground that there was no proof of lost earnings.
The defendant’s argument on this issue is threefold. First, it maintains that although required to be specially pleaded, lost earnings were not alleged in either the original complaint or its amendment. Second, it asserts that there was insufficient evidence of lost earnings of Mr. Pugh, the father of the decedent. Third, it contends that there was no evidence of lost earnings on the part of the co-plaintiff, Mrs. Pugh, mother of the decedent.
Of course, the general rule is that special damages must be pleaded specially, Crommelin v. Montgomery Independent Telecasters, Inc., 280 Ala. 391, 194 So.2d 548 (1967), the reason being that because of their nature they do not necessarily result from the wrongful act (trespass here), and the defendant would not otherwise have notice of their occurrence and an opportunity to defend against them. Waters v. Weintraub, 255 Ala. 530, 52 So.2d 510 (1951). This general rule has been continued in the Alabama Rules of Civil Procedure, Rule 9(g). The only pleading question before us, then, is whether the plaintiffs’ allegations met that requirement.
We note that in Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403 (1927), a complaint which alleged that the plaintiff was “ ‘permanently injured and * * * his nervous system was greatly shocked and impaired * * * and [he] was made permanently sick and ill.’ . .” was sufficient on which to imply an impairment of earning capacity. That Court quoted 17 C.J. 1015, § 313 with approval:
Where the injury alleged will necessarily render a person less capable of performing his usual business duties in the future, proof of the impairment of his general earning capacity may ordinarily be given under the general allegation of the injury, and damages resulting therefrom, such as the inability to attend to his ordinary business, without a special averment that plaintiff will be unable to earn as much in the future as in the past,

A similar statement may be found in 22 Am.Jur.2d, § 282 at 379. And cf. Nashville, C. & St. L. Ry. Co. v. Miller, 120 Ga. 453, 47 S.E. 959 (1904) in which the court held that a distinct claim for damages on account of lost time was unnecessary when the complaint alleged it in a general way.
These statements accord with the permitted liberality of allegations under the rules. Under Rule 9(g), ARCP less particularity is required in pleading a prima facie case than when special damages are an essential element. Committee Comments; 2A Moore's Fed.Prac. § 9.08. Thus in this case the complaint alleged “loss of sleep, loss of weight, physical and nervous distress and great mental anguish.” It should be noted that the allegations in Cleveland, supra, i. e., “permanently injured” and “nervous system was greatly shocked,” etc. were held sufficient to allow proof of impaired earning capacity. Under that precedent it is not unreasonable to hold that “loss of sleep” and “physical and nervous distress and great mental anguish” would authorize proof of loss of earnings. Indeed, if the “permanent impairment of the power to *1116 earn money is an incident to a permanent injury . . ." Cleveland, supra 216 Ala. at 459, 113 So. 406, then the temporary impairment of that power is an incident to a temporary injury. Thus those allegations are the equivalent of an allegation of an inability to attend to one’s ordinary business, including lost earnings in that business. Therefore the defendant’s contention questioning the failure of the complaint to allege the lost earnings as special damages is not well taken.
However, the defendant’s argument regarding the insufficiency of the evidence of lost earnings has merit.
The long-established principle on proof of lost earnings is that such an allegation must be supported by some specific proof which will allow a reasonably accurate finding. To be sure, there have been some variations in expressions of the rule, but the requirement nevertheless is the same. In L. & N. R. Co. v. Elliott, 166 Ala. 419, 52 So. 28 (1909) an employee sued his employer on the theory of negligence, and after a judgment for the plaintiff, the defendant appealed on the ground that the following jury charge was erroneous:
‘The court charges the jury that, if they find for the plaintiff, they should give him such damages as will compensate him for all the earnings which the evidence shows he lost by his injuries, . . .’
In holding this instruction proper, this Court stated:
The amount of earnings actually lost by the plaintiff was capable of exact proof, and the charges were not defective by the omission of the word ‘reasonably’ before ‘compensate.’ .
To the same effect is the decision in Gray v. Cooper, 216 Ala. 684, 114 So. 139 (1927) in which a pedestrian allegedly struck by the defendant’s automobile claimed lost time from his work, i. e., lost earnings. This Court’s references to a refused jury charge requested by the defendant are especially pertinent in view of similarities in the evidence in that case with those in this case:
Refused charge B, as follows: ‘If you believe the evidence, you cannot award the plaintiff more than nominal damages for loss of time from his business or occupation due to his injury’ — should have been given. The fact that plaintiff testified that he conducted the business as a furniture dealer; was the ‘only employee in the concern’; his duties required him to handle furniture; that he had not been able to go back to work; and indicated the time or duration of his absence, was not a compliance with the requirement for specific data on which to rest damages causing him to ‘lose time from his work,’ . . . . (emphasis added)
The defendant has also cited us to the case of Walker County v. Davis, 221 Ala. 195, 128 So. 144 (1930) for another application of that principle. The plaintiffs, however, contend that the Davis decision is inapposite because, there having been no evidence which would have justified the conclusion “that any substantial amount for lost time may have been included in the verdict,” we must conclude that the jury’s verdict here included only nominal damages on the issue of lost earnings. That interpretation of the decision, we respectfully suggest, is incorrect. The court in Davis was discussing the implications which followed from a refusal to instruct the jury on loss of wages (“The refused charges 13 and 14 would exclude a recovery of nominal damages for such lost time.” Ibid. 221 Ala. at 199, 128 So. at 148) (emphasis added). The plaintiff in that case, a farmer, testified that he had tried to work since his injury but “could not do any work much since then.” A physician established the plaintiff’s permanent injury. It was at that point that this Court commented that there was no evidence “to show whether or to what extent” the plaintiff’s lost time justified his recovery of substantial damages. “To justify the recovery of a substantial sum for lost time,” the Court stated, “there must be evidence from which an amount may be ascertained upon some reasonable basis.” Ibid. Then the Court contrasted the Davis case with Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276 (1928) which dealt with a refused charge similar to that *1117 refused in the Davis case. The difference in the two cases, as the Court noted, was that in Mackintosh the plaintiff did show what his salary was, and established his lost time, “but did not show that his wages were not paid” (and therefore were lost). This would have entitled the plaintiff to nominal damages, the Court concluded, but the defendant was entitled to a remittitur because under the evidence the jury could have included the unpaid salary in their verdict for lost time, and therefore the defendant sustained a substantial injury when the trial court refused the requested charge prohibiting a recovery for lost wages. The Court carefully noted a distinction between cases involving impaired earning capacity on the one hand, and those concerning lost time on the other, a distinction we need not address here. The effect of its holding is clear, however. Nominal damages were held to be the limit of recovery for lost time “when the evidence does not furnish data by which to measure accurately the amount of the loss . . Therefore, the Davis court concluded that it was not prejudicial error to refuse a charge prohibiting the recovery of nominal damages when they may be recovered under the pleading and evidence.
The distinction between this case and Davis begins and ends with the fact that in the instant ease the trial court charged the jury “. . . there is some evidence as to loss of earnings in this case .” and added, as we have quoted earlier, the authority to find “what he was reasonably certain to have earned during the time so lost had he not been disabled.” Thus the trial court authorized the jury to find more than nominal damages based upon evidence which was not introduced. There was no evidence introduced either to show that the co-plaintiff, Mrs. Pugh, worked at gainful employment or lost earnings following this incident. On the part of the co-plaintiff, Mr. Pugh, there was evidence that he was in business for himself operating a small garage as an auto mechanic, that he always tried to make his business grow and that it was not growing but was backing up. That is the evidence upon which the jury was authorized to find lost earnings claimed by both plaintiffs. This evidence failed to establish any reasonably specific data upon which to rest an award of damages on account of lost earnings. Cf. Fitzpatrick v. Dean, 278 Ala. 284, 177 So.2d 909 (1965).
Having reached that conclusion on this issue, we need not address ourselves to other issues raised by the defendant.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.